## CIRCUIT COURT OF CHESTERFIELD COUNTY

Colonial Mechanical Corp.

v.

Seaboard Surety Co.

November 4, 1988

By JUDGE HERBERT C. GILL, JR.

On October 19, 1988, the Court heard arguments in regard to Defendant's motion to stay the action and compel arbitration pursuant to Section 8.01-581.02 of the Virginia Code. Defendant argues that the mandatory arbitration provisions contained within the agreements between Plaintiff, a subcontractor, and ACM Construction Management Corporation, the general contractor, constitute valid arbitration agreements as set forth by Section 8.01-581.01 of the Virginia Code and therefore the Court must compel arbitration pursuant to Section 8.01-581.02 of the Virginia Code.

Upon consideration of the pleadings and argument presented, Defendant's motion to stay the action and compel arbitration is denied.

Plaintiff alleges that ACM failed to make payment as agreed and as a proper claimant that Plaintiff is entitled to recovery under a bond issued by Defendant on behalf of ACM. Plaintiff, citing *Noland Company v. Realty Corporation*, 206 Va. 938 (1966), and *Thomas Sommerville Co. v. Broyhill*, 200 Va. 358 (1958), asserts that the arbitration provisions contained within the contractor-subcontractor agreements are irrelevant as an action on the bond is independent of the contractual relationship of the parties and that the terms of the bond itself define the obligations between the litigants.

The Bond agreement does not require arbitration. The terms of the contractor-subcontractor agreements which is part require arbitration are not expressly incorporated by the Bond agreement.

Defendant's counsel acknowledges that an action on the bond is independent from a claim on the contract but argues that the contractual nature of the claim and policy grounds favor compelling Plaintiff to arbitrate the claim. Otherwise, Defendant asserts, parties in the position of plaintiff will be permitted to avoid anticipated contractual arbitration. Defendant's counsel cites several cases from other jurisdictions in support of enforcing the arbitration provisions. *See J & S Construction Co., Inc. v. Travelers Indemnity Company*, 520 F.2d 809 (1st Cir. 1975); *Bolingbrook Park District v. National-Ben Franklin Insurance Company of Illinois, et al.*, 96 Ill. App. 3d 26, 420 N.E.2d 741 (1981); *Exchange Mutual Insurance Company v. The Haskell Company, et al.*, 742 F.2d 274 (6th Cir. 1984); *Warren Brothers Company, etc. v. Cardi Corporation et al.*, 471 F.2d 1304 (1st Cir. 1973); *Kearsage Metallurgical Corporation v. Peerless Insurance Company*, 418 N.E.2d 580 (Mass. 1981) and *Fidelity, etc. v. Parsons & Whittemore*, 397 N.E. 2d 380 (Ct. App. N.Y. 1979).

Defendant's motion should be denied as the terms of the bond do not set forth an arbitration agreement pursuant to Section 8.01-581.01 of the Virginia Code. The liability of a surety upon its bond, "is dependent upon its covenants and agreements and, in the absence of a statutory requirement, courts will not read into a bond an obligation which it does not contain." *Indemnity Co. v. Esso, etc., Co.*, 195 Va. 502, 512 (1954). An action against the bond is independent of the liability of the general contractor to the subcontractors. *Noland Company v. Realty Corporation*, 206 Va. 938 (1966).

Defendant cited six cases for the proposition that a bond surety, "is entitled to exercise, and in fact is bound, to an arbitration agreement contained in the underlying contract." However, five of the cases cited by Defendant support the premise that arbitration clauses are enforceable given express incorporation by the bond agreement. *J & S Construction Co., Inc. v. Travelers Indemnity Company*, 520 F.2d 809 (1st Cir. 1975) (subcontractor-contractor agreement containing an arbitration provision was incorpo-

rated by reference in the surety bond); *Bolingbrook Park District v. National-Ben Franklin Insurance Company of Illinois, et al.,* 96 Ill. App. 3d 26, 420 N.E.2d 741 (1981) (contractor-owner agreement containing an arbitration clause was incorporated by reference in the surety bond); *Exchange Mutual Insurance Company v. The Haskell Company, et al.,* 742 F.2d 274 (6th Cir. 1984) (contractor-owner agreement containing an arbitration clause incorporated terms of subcontractor-contractor contract which in turn was incorporated by the surety bond); *Kearsage Metallurgical Corporation v. Peerless Insurance Company,* 418 N.E.2d 580 (Mass. 1981); (contractor-owner agreement containing an arbitration clause was incorporated by the surety bond); *Fidelity, etc. v. Parsons & Whittemore,* 397 N.E.2d 380 (Ct. App. N.Y. 1979) (subcontractor-contractor agreement containing arbitration clause was incorporated by surety bond).

Denial of Defendant's motion permits Plaintiff to avoid anticipated contractual arbitration in the action upon the bond. Although the circumstances are similar to the situation presented in *Warren Brothers Company, etc. v. Cardi Corporation et al.,* 471 F.2d 1304 (1st Cir. 1973), Defendant failed to convince this Court that similar policy grounds favoring arbitration are applicable. Consideration of the arbitration clause would contradict the well-founded rule that liability on the bond arises from the terms of the prime contract and the bond. Hence, even assuming that the agreements between Plaintiff and ACM are valid and enforceable, the arbitration provision is irrelevant in an action on the bond.