**WEIS BUILDERS, INC., Appellant**

v.

**COMPLETE CONTRACTING, INC., Appellee.**

No. 2007–CA–000700–MR.

Court of Appeals of Kentucky.

Feb. 29, 2008.

Christopher M. Mussler, Louisville, KY, for appellant.

Robert L. Abell, Lexington, KY, for appellee.

Before ACREE and STUMBO, Judges; GRAVES,[1] Senior Judge.

## OPINION

STUMBO, Judge.

Weis Builders, Inc. appeals from an order of the Powell Circuit Court sustaining the motion of Complete Contracting, Inc. to vacate a prior arbitration order. Weis argues that the circuit court improperly concluded that Weis waived its unilateral authority to compel arbitration pursuant to the terms of a contract between the parties. For the reasons stated below, we reverse and remand the order on appeal.

The facts are not in controversy. Complete Contracting served as a subcontractor to Weis Builders on construction projects in Bismark, North Dakota. The terms of the relationship were memorialized in a series of contracts. Pursuant to one of the contracts, Weis Builders had the unilateral authority to determine whether disputes arising with Complete Contracting were resolved by way of attempted settlement, arbitration in Hennepin County, Minnesota, or via litigation.

A contract dispute arose between Weis Builders and Complete Contracting, wherein Complete Contracting sought payment from Weis Builders in excess of $800,000 for unpaid work it allegedly had performed. Counsel for the respective parties exchanged correspondence on the dispute over a period of several months. At issue is a correspondence dated August 2, 2006, wherein counsel for Weis Builders stated, "[a]t this point in time, Weis Build-

---

1. Senior Judge John W. Graves sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes 21.580.

ers' preference is to litigate the dispute rather than arbitrate it, although this is open to discussion." Complete Contracting would later maintain that this statement represented Weis Builders' decision under the contract to proceed with litigation rather than arbitration. Conversely, Weis Builders would argue that the letter evidenced no decision, but rather was merely an invitation to discuss the matter.

Based on its apparent belief that Weis Builders had chosen not to enter into arbitration, Complete Contracting filed the instant action in Powell Circuit Court seeking damages from Weis Building. In response, Weis Builders moved to compel arbitration as provided for under the terms of the contract. On November 29, 2006, the circuit court sustained Weis Builder's motion to stay the proceeding so that arbitration could ensue.

Thereafter, Complete Contracting moved pursuant to Kentucky Rule of Civil Procedure (CR) 59 to vacate the arbitration order, or in the alternative to make findings of fact and conclusions of law on the issue of whether Weis Builders' August 2, 2006, letter waived arbitration. After taking proof on the motion, the circuit court rendered an order sustaining Complete Contracting's motion to vacate the court's prior arbitration order, thus allowing for litigation to continue. This appeal followed.

Weis Builders now argues that the circuit court erred in determining that it had waived arbitration. It maintains that waiver is an issue to be determined by the arbitrator and not the courts. In support of this argument, Weis Builders directs our attention to the Federal Arbitration Act ("FAA") as well as federal and state case law which it maintains require the question of waiver to be examined by the arbitrator rather than the courts. It also contends that it properly elected arbitra-

tion of the parties' dispute as provided for by the contract. It argues that it never knowingly nor intentionally waived any of its rights under the contracts, and that the only evidence in support of Complete Contracting's contention is the August 2, 2006, letter. This letter, it notes, clearly stated that it was "open to discussing" with Complete Contracting whether arbitration or litigation were appropriate in this case. And finally, it points to case law supportive of the proposition that arbitration clauses are to be interpreted so as to favor arbitration.

In contrast, Complete Contracting argues that the circuit court properly concluded that Weis Builders waived arbitration. It points to Weis Builders' statement that "Weis Builders [sic] preference is to litigate" as evidence of its waiver of arbitration, and maintains that the circuit court properly so found.

We have closely examined the record and the law, and must conclude that the circuit court erred in determining that Weis Builders waived its contractual right to resolve the dispute through arbitration. We start with our recognition that the contract at issue grants to Weis Builders the unilateral authority to determine whether to proceed with attempted settlement, arbitration, or litigation.

Complete Contracting contends that Weis Builders waived that authority via its statement that "[a]t this point in time, Weis Builders' preference is to litigate the dispute rather than arbitrate it...." Though the circuit court did not provide the basis for its ruling, we must assume that this statement was the dispositive factor in its decision since Complete Contracting cites to nothing else in the record in support of the claim that Weis Builders' waived its right to arbitrate.

"Waiver is commonly defined as a voluntary and intentional surrender or relinquishment of a known right, or an election to forego an advantage which the party at his option might have demanded or insisted upon. A waiver may be either express or implied, although waiver will not be inferred lightly." *Conseco Finance Servicing Corporation v. Wilder*, 47 S.W.3d 335 (Ky.App.2001).

 The question then is whether the statement of Weis Builders that its "preference is to litigate" constitutes "a voluntary and intentional surrender or relinquishment of a known right." *Conseco, supra*. We must answer that question in the negative for at least two reasons. First, Weis Builders went on to state in the same sentence relied on by Complete Contracting that it was "open to discussing" with Complete Contracting whether to proceed with litigation or arbitration. One may not reasonably conclude that Weis Builders would be "open to discussing" its "preference" if it were not preserving the right to change that preference. Stated differently, the statement at issue is something less than an unequivocal declaration of its intent to waive a contractual right.

 Secondly, the analysis is constrained by our recognition that a "waiver will not be inferred lightly." *Conseco, supra*. That is to say, something more than a mere inference of intent is required. At most, Weis Builders stated a preference which it was open to discussing. We know this because it expressly so stated. It did not state in the August 2, 2006, correspondence, nor any time before or after, that it waived arbitration, nor did its actions so imply. Even the filing of a counterclaim or other pleading does not, by itself, constitute a waiver of a right to arbitrate. *Valley Construction Co., Inc. v. Perry Host Management Co., Inc.*, 796 S.W.2d 365 (Ky.App.1990).

 And finally, it merits noting the public policy in favor of arbitration. *See generally, Fite and Warmath Construction Co., Inc. v. MYS Corp.*, 559 S.W.2d 729 (Ky.1977). Once *prima facie* evidence has been presented showing the existence of a right to arbitrate, a presumption of its validity accrues and the burden of going forward with evidence to rebut the presumption shifts to the party seeking to avoid the agreement. *Id.* Because arbitration provisions are favored, "this is a heavy burden." *Id.* We cannot conclude that a party's statement that it prefers litigation but is open to discussing it is sufficient to rebut the presumption that the arbitration provision is valid.

Weis Builders also argues that an arbitrator rather than a circuit court must determine whether a right to arbitrate has been waived. This argument is not persuasive, but need not be fully addressed as it is moot in light of our determination that Weis Builder's statement did not constitute a waiver.

For the foregoing reasons, we reverse the order of the Powell Circuit Court, and remanded the matter for further proceedings.

ALL CONCUR.