ASHLAND PUBLIC LIBRARY BOARD
OF TRUSTEES et al., Movants,

v.

William R. SCOTT et al., Respondents.

Supreme Court of Kentucky.

Jan. 13, 1981.

Ronnie G. Dunnigan and Richard W. Martin, Johnson, Dunnigan & Martin, Ashland, for movants.

Thomas M. Howe, Ashland, Calvin R. Gearhart, Catlettsburg, for respondents.

LUKOWSKY, Justice.

This is a review of an order of the Court of Appeals which dismissed the appeal of the movants to that court on the ground that their appeal was taken from interlocutory orders. The issue presented is whether the order of a trial court which denies a motion to intervene as a matter of right in a civil action is an appealable final order even though it does not contain the dual recitation required by CR 54.02(1). Our answer to the question is yes.

In Clay, 6 Ky.Prac., 3rd Ed., CR 24.01, Comment 5, we find this observation, "[I]n the ... Kentucky courts it has been recognized that if a party attempts to intervene as a *matter of right*, an order denying intervention is appealable." That conclusion is extrapolated from our statement in *City of Henderson v. Todd*, Ky., 314 S.W.2d 948, 951 (1958) that,

"While it would appear that the denial of a motion for leave to intervene is inter-

locutory and not forthwith appealable *unless intervention is a matter of right* [citation omitted], we regard an appeal from an order denying intervention under either rule to be proper after final judgment in the case, *even though a forthwith appeal would have been proper where intervention was a matter of right under CR 24.01.*" (emphasis added)

 The effect of our language in *City of Henderson*, supra, was to adopt the simple and sensible rules advocated in 7A Wright & Miller, Federal Practice and Procedure section 1923. That is to say:

(A) Prior to judgment disposing of the whole case, any denial of intervention of right should be regarded as an appealable final order but the appellate court should affirm unless such intervention of right was erroneously denied.

(B) Prior to judgment disposing of the whole case, any denial of permissive intervention should be regarded as interlocutory and not appealable and the appellate court should dismiss out of hand appeals from a denial of permissive intervention.

In this case the Court of Appeals should have heard and determined the issue of whether the trial court's refusal to permit movants to intervene as a matter of right was erroneous. If the refusal was erroneous, it should be reversed. If it was not, it should be affirmed.

 The provisions of CR 54.02(1) do not encompass orders denying intervention. Applicants for intervention are not parties to an action and do not present claims for relief in an action unless and until they are permitted to intervene. Rather, they seek to become parties so that they may then assert a claim or defense in the action. CR 24.03. Consequently, recitation of a determination that there is no just reason for delay and that the order is final is neither a condition precedent to appellate review of a denial of intervention sought as a matter of right, nor a vehicle to authorize appellate review of a denial of permissive intervention prior to judgment disposing of the whole case.

The order of the Court of Appeals is reversed and the cause is remanded to that court for further proceedings consistent herewith.

All concur.