FAYETTE COUNTY FARM BUREAU
FEDERATION, Appellant,

v.

William C. MARTIN and William C.
Martin, P.S.C., Appellees.

No. 88–CA–1152–MR.

Court of Appeals of Kentucky.

Oct. 14, 1988.

Michael Davidson, William L. Summers, Lexington, for appellant.

Buckner Hinkle, Jr., Gregory P. Parsons, Lexington, for appellees.

Before HOWERTON, C.J., and COMBS and McDONALD, JJ.

HOWERTON, Chief Judge.

This is before the Court on appellees' motion to dismiss the appeal. The narrow issue presented is whether an order compelling arbitration is final and appealable.

The basic facts are not in dispute. Appellant entered into a contract with William Martin, Architects–Engineers, for certain architectural services. The contract provided, in pertinent part, as follows:

All claims, disputes and other matters in question between the parties to this Agreement, arising out of or relating to this Agreement or the breach thereof, *shall be decided by arbitration* in ac-

cordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise.... This Agreement to arbitrate and any agreement to arbitrate with an additional person consented to by the parties to this Agreement *shall be specifically enforced under the prevailing arbitration law.* (Our emphasis.)

A dispute arose, and the appellees notified appellant of its intent to submit the matter to arbitration. Appellant refused and filed suit alleging negligence and fraud.

As regards the arbitration clause, it appears that there was a disagreement as to whether William C. Martin, Professional Service Corporation, could be liable for the actions of its employee, William C. Martin, who was, incidentally, the P.S.C.'s president and sole shareholder.

The Fayette Circuit Court held that the arbitration clause was valid and enforceable. It further found that William C. Martin, P.S.C., was liable for the actions of its employee, again Martin, pursuant to the provisions of KRS Chapter 274. The court ordered arbitration between appellant, Martin personally, and Martin, P.S.C. From that order this appeal was taken, and the instant motion to dismiss was filed based on grounds as set out above.

Resolution of this issue may be had by reference to KRS Chapter 417, regarding arbitration. KRS 417.050 provides that arbitration agreements are valid and enforceable. If a party to an agreement refuses to arbitrate, the Court may compel arbitration. If the party disputes the existence of said arbitration agreement, the Court may render summary findings on that issue. If an agreement is found to exist, the Court then shall order the parties to arbitrate. KRS 417.050.

KRS 417.220 states as follows:

Appeals.—(1) An appeal may be taken from:

(a) An order denying an application to compel arbitration made under KRS 417.-060;

(b) An order granting an application to stay arbitration made under subsection (2) of KRS 417.060;

(c) An order confirming or denying confirmation of an award;

(d) An order modifying or correcting an award;

(e) An order vacating an award without directing a rehearing; or

(f) A judgment or decree entered pursuant to the provisions of this chapter.[1]

(2) The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action.

It is clear that the list specifically does not include court orders compelling arbitration. The events from which an appeal may be had all have one thing in common, namely, that arbitration has either been *denied* or has *already occurred.*

It seems clear that the statute espouses the policy that arbitration is to be encouraged. *Kodak Mining Co. v. Carrs Fork Corporation*, Ky., 669 S.W.2d 917 (1984). Further review of the issue of arbitrability is protected and provided for in KRS 417.-220. Thus, appellant's claim that they will be foreclosed from raising the issue of arbitration on appeal is not well taken. In any event, the legislature has statutorily decreed those events from which an appeal may lie. We must presume that they meant to exclude anything not listed and we cannot, by interpretation, "legislate" in what they purposefully left out. *Smith v. Wedding*, Ky., 303 S.W.2d 322, 323 (1957); *Bedinger v. Graybill's Executor and Trustee*, Ky., 302 S.W.2d 594, 599 (1957).

A variety of exceptions to the finality rule have been carved out by the Kentucky appellate courts. *See Ashland Public Library Board of Trustees v. Scott*, Ky., 610 S.W.2d 895 (1981); *Ratliff v. Fiscal Court of Caldwell County*, Ky., 617 S.W.2d 36 (1981); *Security Federal Savings & Loan Association of Mayfield v. Nesler*, Ky., 697 S.W.2d 136 (1985). The common factor in each of these exceptions is that the order appealed from would strip appellant of some right that could not be later restored. That factor is not present here. Appellant is not irrevocably deprived of anything by submission to arbitration. Appellant is protected by the right to appeal any final circuit court judgment resulting from the arbitration.

Appellant contends that requiring it to arbitrate now and then later litigate that issue on appeal, perhaps to the conclusion that the lower court was in error in compelling arbitration, would be a tremendous waste of time and money. That a party will be exposed to the inconvenience and cost of litigation does not alone justify immediate review of an otherwise nonfinal order. *National Gypsum Co. v. Corns*, Ky., 736 S.W.2d 325 (1987).

For the foregoing reasons, the above-styled appeal is hereby DISMISSED for failure of appellant to appeal from a final and appealable order. The motion for enlargement of time to file a response to the motion to dismiss is GRANTED. The tendered response is ORDERED FILED the date of entry of this order, and was considered by the panel in reaching a decision.

All concur.

---

[1] This section obviously refers back to KRS 417.180, which reads:

Judgment or decree on award.—Upon the granting of an order confirming, modifying or correcting, an award, judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree. Costs of the application and of the proceedings subsequent thereto, and disbursements may be awarded by the court.