IN THE COURT OF APPEALS OF TENNESSEE

| | | |
|---|---|---|
| DUANE A. PETERS, | ) | C/A NO. 03A01-9508-CV-00295 |
| | ) | BLOUNT COUNTY CIRCUIT COURT |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | HONORABLE W. DALE YOUNG, |
| | ) | JUDGE |
| | ) | |
| | ) | |
| | ) | |
| COMMONWEALTH ASSOCIATES, | ) | |
| | ) | APPEAL DISMISSED |
| Defendant-Appellee. | ) | REMANDED |

FILED

March 5, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

KEVIN W. SHEPHERD, Maryville, for Appellant.

DAVID T. BLACK and C. EDWIN SHOEMAKER of KIZER AND BLACK, Maryville, for Appellee.

O P I N I O N

Susano, J.

1

This is an action brought by Duane A. Peters (Peters) for alleged violations of the Tennessee Securities Act of 1980[1] and the Tennessee Consumer Protection Act of 1977[2]. Peters' suit against Commonwealth Associates (Commonwealth) arose out of investments made by Peters through David Dudkin, an agent of Commonwealth. Commonwealth moved to stay this action and to compel arbitration of Peters' claims pursuant to T.C.A. § 29-5-301 *et seq.*, the Uniform Arbitration Act[3]. In support of its motion, Commonwealth relied upon a written agreement, signed by Peters, wherein he agreed to submit all controversies between the parties to arbitration. The trial court granted Commonwealth's motion, staying all proceedings in court and ordering the parties to proceed with arbitration. Peters appeals, raising the following issues:

> 1.  Is the arbitration agreement void under the provisions of the Tennessee Securities Act of 1980?
>
> 2.  Did the trial court err in ordering arbitration of Peters' claims?

---

[1]T.C.A. § 48-2-101, *et seq.*

[2]T.C.A. § 47-18-101, *et seq.*

[3]Commonwealth also relied upon the Federal Arbitration Act. We do not find it necessary to determine if this federal legislation is applicable to this case. *Cf.* **Arnold v. Morgan Keegan & Co., Inc.**, 03S01-9410-CH-00091, 1996 WL 15857 at *7, footnote 2 (Supreme Court at Knoxville, January 16, 1996).

Peters does not dispute that he signed a "Customer Agreement" with Commonwealth which states that "controversies arising between [Peters] and [Commonwealth] . . . shall be determined by arbitration." He asserts, however, that the agreement is void under the following provision of the Tennessee Securities Act of 1980:

> Any condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of this part or any rule or order hereunder is void.

T.C.A. § 48-2-122(i). Peters contends that "the arbitration limitation within his Customer Agreement is a provision which would attempt to limit [his] ability to challenge" Commonwealth for alleged statutory violations. Peters further argues that "[t]he trial court's action in compelling arbitration has in effect preempted the application of the two statutory violations raised by [him]."

As can be seen, Peters argues in the alternative. First, he contends that this case is not controlled by the Uniform Arbitration Act because, so the argument goes, the arbitration provision in question is void as violative of T.C.A. § 48-2-122(i). Second, he contends that even if the Uniform Arbitration Act applies, the trial court should not have ordered

arbitration. We will address the appellant's first issue for the threshold purpose of determining whether the parties' Customer Agreement is subject to the Uniform Arbitration Act.

II

The position advanced by Peters in his first issue was rejected by the United States Supreme Court in a case arising under a functionally identical provision of the federal Securities Act of 1933. In *Rodriguez de Quijas v. Shearson/American Exp., Inc.,* 490 U.S. 477, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989), the court found an agreement to arbitrate disputes enforceable, noting that

> [b]y agreeing to arbitrate a statutory claim,
> a party does not forgo the substantive rights
> afforded by the statute; it only submits to
> their resolution in an arbitral, rather than
> a judicial, forum

*Id.,* 490 U.S at 481, 109 S.Ct at 1920. We agree with the analysis of the Supreme Court. Peters' substantive statutory rights will not be abridged by submission of his claims to a body of arbitrators rather than to a judicial forum. The following observation by the court in *Rodriguez de Quijas* holds true here:

> There is nothing in the record before us, nor
> in the facts of which we can take judicial
> notice, to indicate that the arbitral
> system . . . would not afford the plaintiff
> the rights to which he is entitled.

4

*Id.,* 490 U.S. at 483, 109 S.Ct. at 1921. We hold the arbitration provision at issue in this case is not voided by T.C.A. § 48-2-122(i). Therefore, the parties' Customer Agreement is subject to the Uniform Arbitration Act.

### III

Regarding Peters' general challenge to the trial court's order compelling arbitration, Commonwealth argues that such an order is not appealable under Tennessee's statutory arbitration scheme. We agree. In the unreported case of ***Anderson County v. Architectural Techniques Corp.***, No. 03A01-9205-CH-00184, 1993 WL 5921 (Court of Appeals at Knoxville, January 14, 1993) (Franks, J.), this court addressed the question of whether an order compelling arbitration is appealable, and concluded it was not. We stated the following in the ***Anderson County*** opinion:

> The Uniform Arbitration Act provides when an appeal as of right will lie in arbitration cases. T.C.A. Sec. 29-5-319 states:
>
> "Appeal.--(a) An appeal may be taken from:
>
>> (1) An order denying an application to compel arbitration made under Sec. 29-5-303;
>> (2) An order granting an application to stay arbitration made under Sec. 29-5-303(b);
>> (3) An order confirming or denying confirmation of an award;

> (4) An order modifying or correcting an award;
> (5) An order vacating an award without directing a re-hearing; and
> (6) A judgment or decree entered pursuant to the provisions of this part.
>
> > (b) The Appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action."
>
> None of the bases for appeals in the foregoing code section is met. Since the statute allows an appeal from the granting of a stay [of arbitration], the corollary is no appeal is provided from the denial of a stay. Moreover, "judgment or decree" referred to in Sec. 29-5-319(a)(6) is the entry of judgment or decree as contemplated in T.C.A. Sec. 29-5-315.[4]

*Id.* at 1993 WL 5921 at *1.

The General Assembly has not amended T.C.A. § 29-5-319 to allow an appeal of an order compelling arbitration since the ***Anderson County*** case. We adhere to our judgment that we cannot "read in" a provision allowing an appeal in a factual pattern not specifically recognized in the code provision that delineates when "[a]n appeal may be taken." Further, in light of the Uniform Arbitration Act's provision mandating that "[t]his part shall be so construed as to effectuate its general purpose to

---

[4]T.C.A. § 29-5-315 provides as follows:

> Upon the granting of an order confirming, modifying or correcting an award, judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree. Costs of the application, and of the proceedings subsequent thereto, and disbursements may be awarded by the court.

6

make uniform the law of those states which enact it[5]," we find persuasive cases in accord with our view from other states that have enacted the provision of our Uniform Arbitration Act dealing with appeals. *See, e.g.,* **Chem-Ash, Inc. v. Arkansas Power & Light Co.,** 751 S.W.2d 353 (Ark. 1988); **Fayette County Farm Bureau Federation v. Martin,** 758 S.W.2d 713 (Ky. App. 1988); **Bluffs, Inc., v. Wysocki,** 314 S.E.2d 291 (N.C. App. 1984); *see generally* Annotation, *Appealability of State Court's Order or Decree Compelling or Refusing to Compel Arbitration,* 6 A.L.R. 4th 652 (1981).

This appeal is premature. Therefore, we cannot reach the appellant's issue claiming that the trial court erred in ordering arbitration.

This appeal is dismissed. The costs on appeal are taxed to the appellant and his surety. This case is remanded to the trial court for such further proceedings as may be necessary, consistent with this opinion.

---

[5]T.C.A. § 29-5-320.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
Herschel P. Franks, J.

8