**DIVERSICARE HEALTHCARE SERVICES, INC., f/k/a Advocat, Inc.; Diversicare Management Services Co.; Omega Healthcare Investors, Inc.; Diversicare Leasing Corp., d/b/a Boyd Nursing and Rehabilitation Center; Cindy Salyers, in her Capacity as Administrator of Boyd Nursing and Rehabilitation Center, Appellants**

v.

**The ESTATE OF Anna Marie HOPKINS, by and through its Administrator, Rose Ann PRINCE, Appellee.**

**No. 2013–CA–001258–MR.**

Court of Appeals of Kentucky.

May 9, 2014.

Michael F. Sutton, H. Eli Lightner, II, Louisville, KY, for appellants.

Michael Lucas, Pikeville, KY, for appellee.

Before CAPERTON, COMBS, and DIXON, Judges.

*OPINION*

CAPERTON, Judge:

The Appellants appeal the Boyd Circuit Court's order denying their motion to compel arbitration between the parties. The Appellee argues that this appeal should be dismissed as having been untimely filed, with which Appellants disagree. Having now considered the parties' arguments, and being otherwise sufficiently advised, the Court agrees that this appeal was untimely filed and, accordingly, this appeal is hereby dismissed.

This matter arose from the complaint filed by the Estate of Anna Marie Hopkins alleging that the decedent suffered injury while in the care of the defendants. The Estate also filed a wrongful death claim. Executed by the decedent's power of attorney, Rose Ann Prince, prior to the admission to the Boyd Nursing and Rehabilitation Center (hereinafter "the facility"), was an agreement to arbitrate in the event of any claim of injury by the decedent. This document was titled "Addendum to Admission Agreement." The Appellants sought enforcement of this agreement.

The trial court, relying on *Ping v. Beverly Enterprises, Inc.,* 376 S.W.3d 581 (Ky. 2012), concluded in its March 27, 2013 order that Prince's power of attorney did not encompass language granting the au-

thority for Prince to sign an arbitration agreement on behalf of the decedent. The court also ruled that under *Ping*, wrongful death beneficiaries are not bound by an arbitration agreement. Appellants did not appeal this order. After discovery was underway, Appellants filed a motion to reconsider the order denying their motion to enforce the arbitration agreement. In overruling Appellants' motion to compel arbitration again, the court entered an amended order that set forth the previous order, with the additional language that the order was "final and appealable." It is from this July 2, 2013 amended order that Appellants have appealed.

On appeal, Appellants argue: (1) there is a strong presumption in favor of arbitration under both Kentucky's Uniform Arbitration Act and the Federal Arbitration Act; and (2) unlike the limited power of attorney in *Ping*, the express provisions of the Prince power of attorney authorized Prince to bind Hopkins to arbitration.[1]

■ In response, Prince argues: (1) *Ping* declared that Kentucky wrongful death claims cannot be the subject of an arbitration agreement; (2) *Ping* confirmed that even a "comprehensive" durable power of attorney would not be understood as implicitly authorizing all the decisions a guardian might make on behalf of a ward; (3) this appeal is untimely because the Appellants failed to timely pursue their rights of appellate review of the trial court's order of March 27, 2013. After our review of the parties' arguments, we believe that Prince is correct that this appeal is untimely.

Kentucky Revised Statutes (KRS) 417.220 is binding on this appeal. It states:

(1) An appeal may be taken from:

(a) An order denying an application to compel arbitration made under KRS 417.060;

(b) An order granting an application to stay arbitration made under subsection (2) of KRS 417.060;

(c) An order confirming or denying confirmation of an award;

(d) An order modifying or correcting an award;

(e) An order vacating an award without directing a rehearing; or

(f) A judgment or decree entered pursuant to the provisions of this chapter.

(2) The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action.

■ Per KRS 417.220, the first order denying Appellants' motion to compel arbitration was appealable to the same extent as orders or judgments in a civil action. "[T]he General Assembly has, by the foregoing enactment, created a statutory interlocutory right of appeal where no such right would otherwise exist." *Cavalier Homes of Alabama v. Coleman*, 181 S.W.3d 558, 559 (Ky.2005). We believe that our current civil rules affecting final judgments in regard to appeals should be applicable. Thus, we believe it incumbent upon Appellants to then assert that right of appeal in a timely manner, i.e., Appellants had thirty days to appeal. *See* Kentucky Rules of Civil Procedure (CR) 73.02.

Indeed, there was no need for the amended order, which simply recited the original order and then included the "final and appealable" language. "Even though the court's order does not contain the lan-

---

**1.** Additionally, both parties argue that this Court should follow unpublished or not final decisions. Given our dismissal, we decline to further address the propriety of these citations.

guage of finality required by the civil rules, we believe that by operation of KRS 417.220 and 417.060 that omission has no effect upon the appealability of this cause." *Valley Const. Co., Inc. v. Perry Host Management Co., Inc.,* 796 S.W.2d 365, 366 (Ky.App.1990), citing *Fayette County Farm Bureau Federation v. Martin,* 758 S.W.2d 713 (Ky.App.1988).

*Sub judice* this appeal was improperly filed as tardy; accordingly, we dismiss this appeal per CR 73.02(2).

ALL CONCUR.