RENDERED:  NOVEMBER 15, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0838-ME

D.C. AND T.C.                                                           APPELLANTS


APPEAL FROM HANCOCK CIRCUIT COURT
v.       HONORABLE BENJAMIN D. MCKOWN, JUDGE
ACTION NO. 22-J-00048-002


CABINET FOR HEALTH AND
FAMILY SERVICES; J.M.; AND
W.A.M., A CHILD                                                          APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, COMBS, AND EASTON, JUDGES.

COMBS, JUDGE:  This is an appeal from the denial of a motion to intervene filed by the maternal grandmother in a Dependency, Neglect, and Abuse proceeding in the Hancock Family Court.  After our review, we affirm.

On August 17, 2022, the Affiant, Hon. Jamie Stephens, as Friend of the Court, filed a juvenile Dependency/Neglect or Abuse (DNA) petition in the interest of W.M., a female child born in 2020.  According to the allegations of the

petition, the child's mother, J.M. (Mother), lived a transient lifestyle with the minor child, who had not been to a pediatrician since birth. The petition also alleged that Mother suffered from multiple mental health disorders/diagnoses and substance abuse, that she was not taking prescribed medication for her mental health, and that she had expressed suicidal ideation only two days earlier on August 15, 2022. According to the petition, Mother intended to take the child and leave with a man whom she had never met in person in order to live in a van and ultimately to travel to Ecuador to live in a rain forest. The Affiant recommended custody to Department for Community Based Services (DCBS) with authority to place as appropriate.

On August 17, 2022, the family court placed the child in the emergency custody of the Cabinet.

A temporary removal hearing was held on August 22, 2022. Mother denied the allegations and stipulated to removal. The family court's August 22, 2022, Order reflects that the maternal grandmother, T.C. (Grandmother), was among those present at the hearing (conducted by Teams).

On September 23, 2022, Attorney Evan Taylor entered an appearance on behalf of Grandmother.

On December 13, 2022, the family court entered an Adjudication Order. Mother stipulated to dependency.

On January 10, 2023, the family court entered a Disposition Order that the child be committed or remain committed to CHFS, after having found that Mother needed more time to complete her case plan and to show stability.

On August 17, 2023, Grandmother, by counsel, filed a motion for intervention to seek grandparenting time and/or custody of the child. By Order entered on September 12, 2023, the family court ordered Grandmother to file an affidavit on or before September 22, 2023; it allowed all parties time to file briefs and advised that the matter would be taken under submission on October 10, 2023.

By Order entered on October 12, 2023, the family court denied the motion to intervene. The court explained that Grandmother had not filed an accompanying pleading setting forth the claim or defense for which intervention was sought as required by CR[1] 24.03.[2] Furthermore, she had not filed the affidavit as ordered -- nor had she requested an extension of time.

On June 11, 2024, Grandmother, *pro se,* filed another motion to intervene pursuant to CR 24.01 requesting that the family court grant her motion and place her granddaughter in her physical custody. On June 17, 2024,

---

[1] Kentucky Rules of Civil Procedure.

[2] In relevant part CR 24.03 provides that "[a] person desiring to intervene **shall** serve a motion to intervene upon the parties as provided in Rule 5. The motion **shall** state the grounds therefor and **shall** be accompanied by a pleading setting forth the claim or defense for which intervention is sought." (Emphases added.)

Grandmother and her husband, D.C., *pro se*, filed a Petition for Immediate

Entitlement to Custody pursuant to KRS[3] 620.110.

On June 27, 2024, the family court entered an Order denying the

motion to intervene and the petition for immediate entitlement to custody[4] as well

as "any other motions" filed by Grandmother and D.C., as follows:

> This matter came before the Court on June 25, 2024, for hearing on the *pro se* motion to intervene filed June 11, 2024, by the maternal grandmother, [T.C.] (Grandmother), and the *pro se* petition for immediate entitlement to custody filed June 17, 2024, by Grandmother and joined by her husband, [D.C.] Grandmother seeks to intervene in this action in order to pursue custody of the child, [W.M.], who was previously committed to the Cabinet for Health and Family Services. . . . By order entered October 12, 2023, the Court denied a prior motion to intervene filed by Grandmother, with counsel, for failure to file a supporting affidavit as ordered and failure to brief the issue when permitted the opportunity to do so, among other things. **For the reasons stated below, Grandmother's renewed motion to intervene isn't timely, as required by the civil rules** . . . .
>
> The [DNA] petition at issue was filed August 17, 2022, and the Court entered an emergency custody order the same day, removing the child from the custody of a parent. A temporary removal hearing order was entered August 22, 2022, continuing the removal. The temporary removal hearing order indicates that Grandmother was present for the hearing on August 22, 2022, "via Teams."

---

[3] Kentucky Revised Statutes.

[4] The denial of the petition for immediate entitlement to custody does not appear to be at issue on appeal.

On December 13, 2022, the Court found the child to be dependent. A disposition hearing order was entered January 10, 2023, committing the child to the Cabinet.

Both CR 24.01 and CR 24.02 require a motion to intervene to be "timely." To determine whether a motion to intervene is timely, the Court considers, among other things, "[t]he point to which the suit has progressed," the movant's purpose for seeking to intervene, and "the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case." *D.B. v. T.C.W.*, 674 S.W.3d 776, 779 (Ky. App. 2023). Here, the disposition order committing the child to the Cabinet was entered **approximately 17 months prior to the filing of the present motion to intervene**, and the record indicates that Grandmother knew or reasonably should have known of her interest in the case (if any) **for more than 21 months, since the temporary removal hearing on August 22, 2022.**

(Bold-face emphasis added.)

On July 2, 2024, Grandmother and D.C. filed a motion for reconsideration of the motion to intervene under Federal Rules of Civil Procedure 59(a)2 and e, CR 59.05, and CR 60.02.

On July 12, 2024, Grandmother and D.C. (hereinafter Appellants), *pro se*, filed a notice of appeal to this Court. Because the family court had not yet ruled on the motion for reconsideration, the notice of appeal was prematurely filed. *Kurtsinger v. Bd. of Trustees of Kentucky Ret. Sys.*, 90 S.W.3d 454, 458 (Ky. 2002). On July 23, 2024, the court orally denied the motion for reconsideration at motion hour. On August 8, 2024, the Record on Appeal was certified. According

to the certified Case History, on "7/23/24 **Document Filed** JUVENILE DOCKET/CALENDAR JUD. . . . ALL OTHER MOTIONS [GRANDMOTHER] FILED ARE DENIED . . . ." (Bold-face and uppercase original.) *See Buell v. Buell*, No. 2023-CA-1182-MR, 2024 WL 2788620 (Ky. App. May 31, 2024) (Family court may use docket sheet to record its order, CR 58(1)). We have searched for a written order memorializing the oral ruling, but we have found none. However, despite our inability to locate the docket sheet order itself in the record before us, we consider that finality has attached. We deem the premature notice of appeal to "relate forward to the time when the CR 59 motion . . . was decided[.]" *Johnson v. Smith*, 885 S.W.2d 944, 950 (Ky. 1994).

On August 13, 2024, Appellants filed their brief. No appellee brief has been filed.

As a preliminary matter, we note that Appellants' brief fails to comply with the procedural requirements of RAP[5] 32. Litigants acting *pro* se are not exempt from the rules -- although they enjoy a measure of latitude. *Koester v. Koester*, 569 S.W.3d 412 (Ky. App. 2019). The Statement of Points and Authorities is deficient. RAP 32(A)(2). The Statement of the Case, a loose narrative, fails to comply with RAP 32(A)(3), which requires "ample references to the specific location in the record supporting each of the statements

---

[5] Kentucky Rules of Appellate Procedure.

contained in the summary." The only references in Appellants' Statement of the Case are to the Appendix itself, which does not satisfy the requirement of the Rule. *J.P.T. v. Cabinet for Health and Family Services*, 689 S.W.3d 149, 151 (Ky. App. 2024). Nevertheless, because the welfare of a child is at stake, we have elected to address the merits rather than to impose any sanctions. RAP 10(B).

Grandmother, *pro se*, filed her motion to intervene under CR 24.01. We note that despite the interlocutory nature of such a motion, its substance renders it immediately appealable.

> "Prior to judgment disposing of the whole case, any denial of intervention of right should be regarded as an appealable final order but the appellate court should affirm unless such intervention of right was erroneously denied." *Ashland Pub. Libr. Bd. of Trs. v. Scott*, 610 S.W.2d 895, 896 (Ky. 1981) . . . .
>
> . . .
>
> Intervention as a matter of right in an ongoing legal action is governed by CR 24.01. The first requirement of the rule is its "timely application[.]" CR 24.01(1).

*D.B.*, *supra*, 778-79.

As set forth above, the family court carefully considered the timeliness factors discussed in *D.B.*, *supra.* The court concluded that Grandmother's motion, *pro se,* was untimely because "the disposition order committing the child to the Cabinet was entered approximately 17 months prior . . .

and the record indicates that Grandmother knew or reasonably should have known of her interest in the case (if any) for more than 21 months, since the temporary removal hearing on August 22, 2022."

As this Court explained in *D.B.*, timeliness is a question of fact which usually should be left to the judge's determination. On appeal, we may only reverse that factfinding "if we find it clearly erroneous. A finding of fact is clearly erroneous if it is not supported by substantial evidence." *D.B.*, *supra*, at 780.

We are satisfied from our review of the record that substantial evidence supports the family court's determination that Grandmother's motion to intervene was untimely. The family court did not err in denying her motion to intervene.

We affirm the order of the Hancock Family Court.

ALL CONCUR.

BRIEF FOR APPELLANT:                NO BRIEF FOR APPELLEE.

D.C., *pro se*
Lewisport, Kentucky

T.C., *pro se*
Lewisport, Kentucky