# Supreme Court of Kentucky

2023-SC-0538-MR

SHARON MUSE-JOHNSON                                                        APPELLANT

V.

ON APPEAL FROM COURT OF APPEALS
NOS. 2023-CA-0311 & 2023-CA-0339
BOURBON CIRCUIT COURT
NO. 06-CR-00062

FRANKIE COVINGTON AND                                                     APPELLEES
COMMONWEALTH OF KENTUCKY

## OPINION AND ORDER

This appeal relates to Appellee Frankie Covington's 2011 conviction and life sentence for kidnapping and being a first-degree persistent felony offender. The victim in that case was Sharon Muse-Johnson. In 2020, Kentucky voters adopted Marsy's Law, giving certain constitutional rights to crime victims and their families. Marsy's Law was enshrined in Section 26A of the Kentucky Constitution.

In 2022, Covington filed a Kentucky Rule of Civil Procedure (CR) 60.02 motion collaterally attacking his conviction. Covington's motion claimed that a book written by Muse-Johnson about her experience as a crime victim contained a version of events that differed from her trial testimony. Citing Marsy's Law, Muse-Johnson filed a response objecting to Covington's CR 60.02

motion. Covington filed a motion to strike Muse-Johnson's response on the grounds that Marsy's Law does not give a crime victim the right to file responses to dispositive motions in a case. The Bourbon Circuit Court denied Covington's motion to strike and his CR 60.02 motion. Covington separately appealed the trial court's denial of his CR 60.02 motion and the motion to strike Muse-Johnson's response. The Court of Appeals consolidated the appeals.

After the appeals were consolidated, Muse-Johnson filed a motion for leave to intervene in Covington's appeal and to "file either an additional appellee brief or to join in the Commonwealth's appellee brief." Muse-Johnson's motion was made pursuant to Kentucky Rule of Appellate Procedure (RAP) 9, which governs intervention in an appeal, and Marsy's Law.

On October 27, 2023, the Court of Appeals entered an opinion and order denying Muse-Johnson's motion to intervene. On November 1, 2023, the Court of Appeals entered a separate order denying Muse-Johnson's motion for leave to file a brief. The Court of Appeals, however, did not issue an opinion on the merits of Covington's appeal, which included the trial court's denial of Covington's motion to strike Muse-Johnson's response to his CR 60.02 motion.

Muse-Johnson filed a notice of appeal of the Court of Appeals orders denying her motion to intervene and to file a brief. On May 8, 2024, this Court entered an order requiring Muse-Johnson to show cause why this appeal should not be dismissed as an appeal that may not be pursued as a matter of right under RAP 2. The order required Muse-Johnson to explain why the orders

2

from which she appealed were final and appealable and the basis of this Court's jurisdiction. Muse-Johnson filed a response to the show cause order. The Commonwealth and Covington each filed replies arguing that this appeal should be dismissed as one not taken from a final and appealable order.

RAP 9(a) governs intervention on appeal: "Upon motion or recommendation by the court anyone may be permitted to intervene on appeal for the reasons in CR 24.01(1) and CR 24.02, except that intervention on appeal is discretionary with the court." Thus, as an initial matter, Muse-Johnson's argument that she has a mandatory right to intervene in this appeal pursuant to CR 24.01(1)[1] is belied by the plain language of RAP 9(a), which plainly states that intervention on appeal is always discretionary. Stated differently, while CR 24.01(1) bestows the right to intervene "in an action" under certain circumstances, RAP 9(a) clarifies that there is no mandatory right to intervene *on appeal*.

Accordingly, under our appellate rules, Muse-Johnson sought permissive intervention. In *Ashland Pub. Libr. Bd. of Tr. v. Scott*, 610 S.W.2d 895 (Ky. 1981), the Court laid down "simple and sensible rules," *id.* at 896, concerning the appealability of orders denying motions to intervene, turning on whether it was intervention of right or permissive intervention:

---

[1] "[A]nyone shall be permitted to intervene in an action (a) when a statute confers an unconditional right to intervene, or (b) when the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless that interest is adequately represented by existing parties."

3

(A) Prior to judgment disposing of the whole case, any denial of intervention of right should be regarded as an appealable final order but the appellate court should affirm unless such intervention of right was erroneously denied.

(B) Prior to judgment disposing of the whole case, any denial of permissive intervention should be regarded as interlocutory and not appealable and the appellate court should dismiss out of hand appeals from a denial of permissive intervention.

*Id.*

Here, the Court of Appeals has not ruled on the merits of Covington's appeal of the trial court's denial of his CR 60.02 motion or its denial of his motion to strike Muse-Johnson's response. Consequently, our case law commands that we regard Muse-Johnson's appeal as interlocutory and not appealable.

For the foregoing reasons, we hereby DISMISS the above-styled appeal and remand the case to the Court of Appeals for consideration of the merits of Covington's appeal of the Bourbon Circuit Court.

Lambert, C.J.; Bisig, Conley, Keller, Nickell, and Thompson, JJ., sitting. Lambert, C.J.; Bisig, Conley, Keller, and Nickell, JJ., concur. Thompson, J., dissents without separate opinion. Goodwine, J., not sitting.

ENTERED: January 16, 2026

_Debra Hembree Lambert_

_____
CHIEF JUSTICE