**VALLEY CONSTRUCTION COMPANY, INC. and Transamerica Insurance Company, Appellants,**

v.

**PERRY HOST MANAGEMENT COMPANY, INC., Appellee.**

**No. 89–CA–2465–MR.**

Court of Appeals of Kentucky.

Sept. 21, 1990.

Benjamin Cowgill, Jr., Landrum and Shouse, Lexington, for appellant, Valley Const.

Thomas H. Glover, Hays, Moss & Lynn, Lexington, for appellant, Transamerica Ins. Co.

John R. Leathers, Richard A. Getty, Walker P. Mayo, Frost & Jacobs, Lexington, Charles E. Allen, Hazard, for appellee.

Before GUDGEL, LESTER and McDONALD, JJ.

LESTER, Judge.

■ This is an appeal from an order denying a stay of proceedings as well as a denial of a motion to compel arbitration. Even though the court's order does not contain the language of finality required by the civil rules, we believe that by operation of KRS 417.220 and 417.060 that omission has no effect upon the appealability of this cause. *See Fayette County Farm Bureau Federation v. Martin*, Ky.App., 758 S.W.2d 713 (1988).

In 1984, the Legislature adopted the Uniform Arbitration Act which is the applicable provision governing this cause of action.[1] It requires no citation of authority to point out that arbitration is a favorite of the law, both within and without this jurisdiction, and if the parties to a transaction agree to such a submission it is generally enforced.

With these principles in mind we now turn to the circumstances of this case. Perry Host Management Company concluded it potentially profitable to build a Holiday Inn near the city of Hazard. In furtherance of its aims, it engaged Valley Construction Company, Inc. as its general contractor. As evidence of their purpose the parties executed "General Conditions of the Contract for Construction" being a form document (A201) formulated by the American Institute of Architects. At Article 7.9 (in pertinent part) the owner and contractor agreed:

### Arbitration

All claims, disputes and other matters in question between the Contractor and the Owner arising out of, or relating to, the Contract Documents or the breach thereof ... shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association unless the parties mutually agree otherwise.... the foregoing agreement to arbitrate ... shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

Star Bank of Cincinnati, Ohio, provided partial funding to Perry Host to the extent of

---

1. The device of arbitration has been specifically approved by our State Constitution since 1799 and at the present time Section 250 thereof provides: It shall be the duty of the general assembly to enact such laws as shall be necessary and proper to decide differences by arbitrators, the arbitrators to be appointed by the parties who may choose that summary mode of adjustment.

$4,000,000, while Transamerica Insurance Company furnished the performance bond for Valley Construction.

Needless to say, problems occurred in the construction, not the least of which was the sinking of one building resulting in the condemnation of thirty-six hotel rooms. Thereupon, appellee brought an action in the Perry Circuit Court against Valley for breach of the construction contract, breach of expressed and implied warranties, and negligence in the performance of the contract while also alleging that Transamerica breached its performance bond and its labor and material payment bond. Prior to any significant step being taken, the cause was removed to the federal district court under its diversity jurisdiction wherein appellants first filed a motion to compel arbitration and thereafter its answer which also included an arbitration demand. The federal tribunal found that complete diversity did not exist and remanded the cause back to the state court. Within ten days Valley renewed its motion to compel arbitration in the Perry Circuit Court. By way of briefs, the parties refer to the foregoing as the "construction" litigation and so as not to further confuse the facts we shall do likewise.

While the principals in the transaction were arguing about who was negligent and in what respect, Star Bank became a little concerned about its $4,000,000 so it commenced a separate action in the Perry Circuit Court to foreclose its construction mortgage, this being denominated the "foreclosure" suit, which named as defendants both Perry and Valley. Valley filed a cross-claim in the state court against Perry and its president, Lloyd Abdoo, on claims arising under a promissory note and found fraud and misrepresentation in connection with the repayment of the note. The Perry Circuit Court dismissed the cross-claim so Valley reasserted it in another federal action, but in so doing framed its complaint so as to preserve its right of arbitration in the pending state construction action.

Meanwhile in the construction case, the court (state) denied the appellants' motion to stay the proceedings and compel arbitration and in so doing, the transcript, in part, of the court's ruling relates:

> But, somebody out of this group is liable for all of this and we've got this lawsuit here and while, for a while, I thought it might be a good idea to arbitrate it, a judge always has a right to change his mind, and I've changed mine, and we're going to litigate it. And, that's my ruling.

■ There are a few opinions in our jurisdiction following the adoption of the Uniform Arbitration Act, but we are bound to interpret it so as to make it consistent with the law of those other states which have enacted it. KRS 417.240. Our case law has stated that "it is the policy to favor the settlement of disputes by means of arbitration." *Fite and Warmath Construction Co., Inc. v. M Y S Construction*, Ky., 559 S.W.2d 729, 735 (1977). As in *Fite, supra*, we find an agreement entered into providing for arbitration on a voluntary basis by sophisticated and knowledgeable businessmen concerning a construction contract of considerable financial magnitude. Being contractual in nature, arbitration rights may be waived, *Kendrick Memorial Hospital, Inc. v. Totten*, 408 N.E.2d 130 (Ind.App.1980), but this should be done on a mutual basis. *Bolingbrook Park District v. National–Ben Franklin Insurance Co. of Illinois*, 96 Ill.App.3d 26, 51 Ill.Dec. 327, 420 N.E.2d 741 (1981). On the other hand, waiver need not be in express terms but may be implied, *McNall v. Farmers Insurance Group*, 181 Ind.App. 501, 392 N.E.2d 520 (1979), but it will not be inferred lightly, *Atkins v. Rustic Woods Partners*, 171 Ill.App.3d 373, 121 Ill.Dec. 493, 525 N.E.2d 551 (1988), nor does the filing of a counterclaim necessarily imply waiver. *Board of Education of Township High School District No. 205 Cook County v. Faculty Association of District 205*, 120 Ill.App.3d 930, 76 Ill.Dec. 363, 458 N.E.2d 1017 (1983). Participation in a judicial proceeding may act as a waiver of arbitration but only if the party seeking such an avenue of resolution so participates *without* requesting arbitration, *Tumim v. Palefsky*, 7 Mass.App. 847, 384

N.E.2d 1253 (1979), for the mere filing of pleadings does not cause a waiver of a contractual arbitration provision. *Cyclone Roofing Co., Inc. v. David M. LaFave Co., Inc.*, 312 N.C. 224, 321 S.E.2d 872 (1984).

The burden of establishing the existence of an arbitration agreement that conforms to statutory requirements rests with the party seeking to enforce it, but once prima facie evidence thereof has been presented, the statutory presumption of its validity (KRS 417.050) accrues, and the burden of going forward with evidence to rebut the presumption then shifts to the party seeking to avoid the agreement, *Marciniak v. Amid*, 162 Mich.App. 71, 412 N.W.2d 248 (1987), and this is a heavy burden. *Rancho Pescado, Inc. v. Northwestern Mutual Life Ins. Co.* 140 Ariz. 174, 680 P.2d 1235 (1984); *Board of Education, Taos Municipal Schools. v. The Architects, Taos*, 103 N.M. 462, 709 P.2d 184 (1985).

The foregoing principles represent what we consider the better views of our sister states and no doubt astute counsel could distinguish several but we are inclined to apply them to the case at bench. Recalling the scenario of this litigation we note that the parties voluntarily subjected themselves to arbitration by free exercise of contract. When problems arose, appellees filed suit and appellants replied by way of a demand for arbitration. Perry Host, in an effort to preclude such a step, introduced the naked affidavit of its president that someone representing Valley indicated that the contractor urged the owner to go to court. The response of appellant was documentary in nature, all of which reflected a clear intention and desire to arbitrate. In stepped a third party, namely Star Bank, seeking to recover its loan. Both Valley and Perry were defendants and, while attempting to reserve its right to arbitrate, the contractor asserted a cross-claim against Perry when Star Bank sought foreclosure, and presumably a court ordered sale of the prime asset, the Holiday Inn. The circuit court dismissed the cross-claim so Valley refiled it as an action in the federal court. Appellant's attempts to defend itself in the two court systems in no way should preclude it from its contractual right of arbitration, especially, when it demanded the procedure at every opportunity it could do so. Uniquely enough, we fail to find any effort by Perry to arbitrate even after it voluntarily agreed to the same. In light of the ruling of the Perry Circuit Court in denying arbitration in the cause appealed to us, together with its dismissal of the cross-claim of Valley against Perry, we cannot say that Valley's filing of the federal action was anything more than an effort to preserve its right, if any, to the only valuable asset in this whole affair. Moreover, we note that in the Star Bank action the court below, in dismissing Valley's cross-claim, ruled that the subject matter thereof was not one arising from the same transaction or occurrence as the principal claim. We express no view as to correctness of this position for that action is not on appeal.

Perry takes the position that since KRS 417.050 precludes arbitration of insurance contracts and that KRS 304.37–010 includes a surety as an insurer then Transamerica should not be able to participate in the arbitration. This argument bears little merit because there is no attempt to arbitrate the contract of insurance itself, but we need not resolve the issue for the carrier's liability depends upon that of its principal, Valley, and we are going to direct the circuit court to stay any proceedings against Transamerica until the issues between Perry and Valley are fully arbitrated.

The judgment is reversed with directions that the circuit court sustain the motion to stay proceedings between the appellants and to compel arbitration between Perry Host Management Company, Inc. and Valley Construction Company, Inc.