**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and Bank of New York Trust Company, as Trustee for RASC2003KS, Successor by Assignment from JPMorgan Chase Bank, as Trustee for RASC2003KS, Appellants**

v.

**Donald Wayne ABNER and Roxanne Abner, Appellees.**

No. 2007–CA–000574–MR.

Court of Appeals of Kentucky.

July 25, 2008.

Jeffrey W. Kibbey, Louisville, KY, for appellant.

Addison Parker, Richmond, KY, for appellees.

Before ACREE, DIXON, and TAYLOR, Judges.

## OPINION

DIXON, Judge.

Appellants, Bank of New York Trust Company and Mortgage Electronic Registration Systems, Inc. (MERS), appeal from an order of the Madison Circuit Court denying their motion to compel arbitration in this foreclosure matter. As we agree with the trial court's finding that the arbitration clause is unconscionable, we affirm.

On September 25, 2002, Appellees, Donald Wayne and Roxanne Abner, executed a promissory note in the amount of $40,000, plus interest at a rate of 10.125% per annum as specified in the note. Appellant Bank of New York is the current holder of the note. In addition, Appellees executed a mortgage with MERS to secure the note. The note and mortgage relate to real estate located in Waco, Kentucky. Paragraph 27 of the mortgage contains an arbitration clause, which provides in relevant part,

> The parties agree that the arbitrator shall have all powers provided by law, this Agreement, and the Loan Agreements. However, the arbitrator shall have no power to vary or modify any of the provisions of the Loan Agreements....
>
> . . . .
>
> IF THE APPOINTED ARBITRATOR SHOULD AWARD ANY DAMAGES, SUCH DAMAGES SHALL BE LIMITED TO ACTUAL AND DIRECT DAMAGES AND SHALL IN NO EVENT INCLUDE CONSEQUENTIAL, PUNITIVE, EXEMPLARY OR TREBLE DAMAGES AS TO WHICH THE BORROWER AND LENDER EXPRESSLY WAIVE ANY RIGHT TO CLAIM TO THE FULLEST EXTENT PERMITTED BY LAW.

On December 17, 2003, Appellants filed a foreclosure action against Appellees for failure to pay the amount due under the terms of the note and mortgage. Appellees thereafter filed a counterclaim and claim for offset alleging that the loan at issue was a predatory high cost loan subject to the Home Ownership Equity Protection Act, 15 U.S.C. § 1639 (HOEPA). HOEPA, which is contained within the Truth In Lending Act (TILA), 15 U.S.C. § 1601, affords consumers defenses and remedies to certain high cost home loans, including rescission of the note and mortgage, as well as recovery of statutory and enhanced statutory damages. Appellees claimed that they rescinded the note by letter dated April 6, 2005, and that such rescission voided the note and mortgage, with the statutory damages offsetting the entire indebtedness. Appellees further counterclaimed that Appellants had committed usury and breach of contract, including the implied covenant of good faith, by assessing Appellees charges and penalties that were excessive and unauthorized.

In the summer of 2006, the parties became involved in a discovery dispute that led to Appellees filing a motion to dismiss the foreclosure action. As part of their response to the motion, Appellants moved the trial court to compel arbitration. On February 16, 2007, the trial court denied the motion to compel arbitration, finding the arbitration agreement to be unconscionable. This appeal ensued [1].

---

1. KRS 417.220(1) allows immediate review of the trial court's order even though it is con-
sidered interlocutory in nature. *Valley Construction Company, Inc. v. Perry Host Manage-*

■ Appellants argue to this Court that the trial court erred in finding that the arbitration clause was unconscionable and unenforceable. Appellants contend that Kentucky has a policy of favoring arbitration and that prima facie evidence of an arbitration provision creates a strong presumption of its validity under both the Kentucky Uniform Arbitration Act (KUAA) and the Federal Arbitration Act (FAA). *See Valley Construction Company, Inc. v. Perry Host Management Company, Inc.,* 796 S.W.2d 365, 368 (Ky.App. 1990). Further, Appellants point out that state and federal courts have compelled arbitration in cases involving claims identical to those asserted by Appellees herein. *See Green Tree Financial Corporation–Alabama v. Randolph,* 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000); *Stout v. J.D. Byrider,* 228 F.3d 709 (6th Cir.2000), *cert. denied,* 531 U.S. 1148, 121 S.Ct. 1088, 148 L.Ed.2d 963 (2001); *Louisville Peterbilt, Inc. v. Cox,* 132 S.W.3d 850 (Ky.2004); *Conseco Finance Servicing Corporation v. Wilder,* 47 S.W.3d 335 (Ky.App.2001). Thus, it is Appellants' position that Appellees are required to submit their claims to arbitration. We disagree, not with Appellants' recitation of the law with regard to arbitration, but with their characterization of relevant issue.

■ Appellants are correct that Kentucky law favors arbitration agreements. *See Kodak Mining Company v. Carrs Fork Corporation,* 669 S.W.2d 917 (Ky. 1984). In fact, in 1984, Kentucky adopted the KUAA, codified at Kentucky Revised Statutes (KRS) Chapter 417. KRS 417.050 provides that "a written agreement to submit any existing controversy to arbitration between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law for the revocation of any contract." However, while "any

doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983), the existence of a valid arbitration agreement as a threshold matter must first be resolved by the court. *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). In other words, the court-not an arbitrator-must decide whether the parties have agreed to arbitrate based on fundamental principles governing contract law. *See also Louisville Peterbilt, Inc., supra.*

Appellants cite to numerous cases wherein courts have required parties to submit claims under HOEPA and TILA to arbitration. In *Prima Paint Corporation v. Flood and Conklin Manufacturing Company,* 388 U.S. 395, 403, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), the United States Supreme Court held that claims alleging fraud were not exempt from arbitration. Similarly, in *Louisville Peterbilt, Inc., supra,* our Supreme Court held that an arbitration provision will not be defeated upon a claim that the larger agreement in which it is contained was fraudulently induced or unenforceable.

All of the cases cited by Appellants, however, involve the enforcement of an arbitration provision when a party raises a claim of fraud in the underlying contract. Here, contrary to Appellants' argument, Appellees are not simply claiming that the mortgage contract as a whole is unconscionable, but rather that the arbitration clause *itself* is unconscionable and unenforceable. The Supreme Court in *Prima Paint, supra,* commented that while claims of fraud are to be submitted to an arbitrator, claims that specifically attack the arbi-

*ment Company, Inc.,* 796 S.W.2d 365 (Ky.App. 1990).

tration provision are to be judicially determined. *Id.* at 403–404, 87 S.Ct. at 1801. And indeed, the trial court specifically stated that it had considered the arbitration clause separately from the remaining contract in reaching its decision to deny arbitration.

■ Under the provisions of KRS 417.050, an arbitrable dispute is subject to the compulsory arbitration provision except where the agreement may be avoided "upon such grounds as exist at law or in equity for the revocation of any contract." One of the equitable grounds upon which an arbitration clause may be deemed unenforceable is unconscionability. *Conseco Finance Servicing Corporation, supra.* The determination whether an arbitration clause is unconscionable is a question of law subject to our de novo review. *Id.* at 341.

■ As noted by a panel of this Court in *Conseco Finance Servicing Corporation, supra,*

A fundamental rule of contract law holds that, absent fraud in the inducement, a written agreement duly executed by the party to be held, who had an opportunity to read it, will be enforced according to its terms. [*Cline v. Allis–Chalmers Corporation,* 690 S.W.2d 764 (Ky.App.1985) ]. The doctrine of unconscionability has developed as a narrow exception to this fundamental rule. The doctrine is used by the courts to police the excesses of certain parties who abuse their right to contract freely. It is directed against one-sided, oppressive and unfairly surprising contracts, and not against the consequences per se of uneven bargaining power or even a simple old-fashioned bad bargain. [*Louisville Bear Safety Service, Inc. v. South Central Bell Telephone Company,* 571 S.W.2d 438, 440 (Ky.App.1978) ].

An unconscionable contract has been characterized as "one which no man in his senses, not under delusion, would make, on one hand, and which no fair and honest man would accept, on the other." [*Id.* at 439 (*Quoting* Black's Law Dictionary, 1694 (4th ed.1976)) ]. Unconscionability determinations being inherently fact-sensitive, courts must address such claims on a case-by-case basis. [*Forsythe v. BancBoston Mortgage Corporation,* 135 F.3d 1069 (6th Cir. 1997)].

*Conseco Finance Servicing Corporation, supra,* at 341–42.

In *Arnold v. United Companies Lending Corporation,* 204 W.Va. 229, 511 S.E.2d 854, 858 (1998), the West Virginia court was presented with an arbitration clause similar to the herein that provided, in pertinent part:

THE ARBITRATION WILL TAKE THE PLACE OF ANY COURT PROCEEDING INCLUDING A TRIAL BEFORE A JUDGE AND JURY[.] DAMAGES SHALL BE LIMITED TO ACTUAL AND DIRECT DAMAGES AND SHALL IN NO EVENT INCLUDE CONSEQUENTIAL, PUNITIVE, EXEMPLARY OR TREBLE DAMAGES AS TO WHICH BORROWER AND LENDER EXPRESSLY WAIVE ANY RIGHT TO CLAIM TO THE FULLEST EXTENT PERMITTED BY LAW.

The *Arnold* court, while noting that a bargain is not unconscionable merely because the parties to it are unequal in bargaining position, held that an arbitration clause that contains a "substantial waiver of a parties' rights' is unenforceable." *Id.* at 861–862. *See also Taylor v. Butler,* 142 S.W.3d 277 (Tenn.2004), *cert. denied,* 543 U.S. 1147, 125 S.Ct. 1304, 161 L.Ed.2d 108 (2005); *Carll v. Terminix International Company, L.P.,* 793 A.2d 921 (Pa.Super.2002).

As noted by Appellees herein, not only would a successful rescission void the mortgage and eliminate all charges and fees, they may be entitled to statutory damages for any TILA disclosure violation, as well as enhanced statutory damages for violations of HOEPA. In addition, Appellees have asserted a claim for usury, which if proven, may result in remedies including forfeiture of the entire interest on the note and recovery by the debtor of damages in the amount of twice the interest paid. Finally, Appellees are seeking punitive damages for unfair and deceptive practices within the meaning of the Kentucky Consumer Protection Act.

Appellees have asserted valid claims under statutes designed to protect consumers from high cost predatory lending practices. The merit of such claims is obviously not at issue in this appeal and we render no judgment or opinion thereon. However, we conclude that the arbitration provision contained in Appellees' contract clearly prevents them from meaningfully pursuing any statutory claims. Certainly, an arbitrator can resolve claims under TILA and HOEPA. However, the provision herein explicitly prohibits the arbitrator from modifying the contract or awarding anything other than actual damages. As such, Appellees could in no manner recover any statutory damages to which they may be entitled. Thus, we conclude that because the arbitration clause deprives Appellees of any substantive remedies, the trial court properly ruled that it is unconscionable and unenforceable.

The order of the Madison Circuit Court denying the motion to compel arbitration is affirmed.

ALL CONCUR.