Lois June JACKSON, Appellant,

v.

Michael MACKIN, Appellee.

No. 2008–CA–000344–MR.

Court of Appeals of Kentucky.

Jan. 16, 2009.

James M. Bolus, Jr., Louisville, KY, for appellant.

Glenn A. Cohen, Paul J. Hershberg, Cynthia L. Effinger, Louisville, KY, for appellee.

Before MOORE, TAYLOR, and VANMETER, Judges.

## OPINION

TAYLOR, Judge.

Lois June Jackson brings this appeal from a July 18, 2007, order of the Jefferson Circuit Court dismissing her complaint. We reverse and remand.

Lois June Jackson entered into a Sales and Purchasing Contract[1] (contract) with Michael Mackin for the purchase of real property located at 105 North Keats Avenue, Louisville, Kentucky. Jackson, who is visually impaired, affixed her signature stamp to the contract on October 1, 2002, and thereby agreed to purchase the home for $84,500. The property was deeded to Jackson by Mackin at closing.

On October 21, 2005, Jackson filed a complaint in Jefferson Circuit Court alleging, *inter alia*, that Mackin made false or reckless material misrepresentations which Jackson relied upon when purchasing the home. Allegedly, the home was infested with termites, the furnace ducts were not properly vented, and the walls were separating. Over the next year-and-a-half, the parties participated in extensive discovery. On May 3, 2007, some nineteen months after the complaint was filed, Mackin filed a motion for summary judgment and a motion to dismiss Jackson's complaint. Mackin argued in his motion to dismiss for the first time that Jackson's complaint should be dismissed based upon an arbitration agreement contained in the parties' contract. On July 18, 2007, the circuit court entered an order disposing of Mackin's motions. The court determined that pursuant to the "mandatory arbitration provision" in the contract, Jackson's complaint should be dismissed. The court further determined that as the complaint was being dismissed it was "unnecessary to address the merits of [Mackin's] motion for summary judgment."

On July 30, 2007, Mackin filed a motion pursuant to Kentucky Rules of Civil Procedure (CR) 59 to amend the circuit court's denial of summary judgment. On August 13, 2007, without a ruling on the CR 59

---

1. The Sales and Purchasing Contract is a standardized form supplied by the Greater Louisville Association of Realtors, Inc.

motion, Jackson filed a notice of appeal in this Court (Action No.2007–CA–001652–MR). On August 23, 2007, Mackin filed a motion in the circuit court to set aside Jackson's notice of appeal. On September 5, 2007, the circuit court entered an order granting Mackin's motion to set aside the notice of appeal as prematurely filed. On October 8, 2007, Jackson filed a second notice of appeal (Action No.2007–CA–002015–MR). On January 17, 2008, the Court of Appeals entered an order dismissing both appeals. Therein, this Court "determined that the first notice of appeal was premature when filed and that the second notice of appeal was taken from an order which is a nullity." On January 23, 2008, Mackin filed a CR 59 Renewed Motion to Amend Denial of Summary Judgment. By order entered January 31, 2008, the circuit court denied Mackin's CR 59 motion. This appeal follows.

Jackson contends that the circuit court erred by dismissing her complaint based upon the arbitration provision in the contract. Specifically, Jackson asserts that Mackin did not affirmatively plead "'arbitration and award' as required by CR 8.03 and, therefore ... waived this affirmative defense." However, before we can examine the affirmative defense issue, we must address whether Jackson could bring an action under the contract after a deed had been properly delivered for the property. The merger doctrine provides that upon delivery and acceptance of a deed, the deed extinguishes or supersedes the contract for the conveyance of the realty. *Drees Co. v. Osburg*, 144 S.W.3d 831 (Ky.App.2003). Thus, the provisions of a purchase agreement for the sale of real property are usually extinguished upon acceptance of a deed conveying title

to the property.[2] *Harrodsburg Indus. Warehousing, Inc. v. MIGS, LLC*, 182 S.W.3d 529 (Ky.App.2005). However, there are exceptions to the merger doctrine for claims based upon fraud, mistake or contractual agreement to the contrary. *Id.* Since the complaint primarily sounds in fraud, Jackson has sufficiently asserted claims that survive the merger doctrine. We will now address the affirmative defense issue pursuant to CR 8.03 as raised by Jackson.

CR 8.03 states, in relevant part:

In pleading to a preceding pleading, a party shall set forth affirmatively ... arbitration and award ... and any other matter constituting an avoidance or affirmative defense.

CR 8.03 clearly provides that "arbitration and award" is an affirmative defense. The question we are presented with is whether contract terms permitting "binding arbitration" between the parties are required to be asserted as an affirmative defense under the "arbitration and award" provision of CR 8.03 in response to a complaint filed as a result of a dispute arising from the contract. Although we can find no published authority on point in Kentucky, we believe that CR 8.03 contemplates that "arbitration and award" is an affirmative defense only in those instances where a dispute has previously been submitted to arbitration and a final award has been made. In such cases, the defense would operate as a bar to the maintenance of any subsequent action at law involving the same claim.

Although we hold that "arbitration and award" is not an affirmative defense in this case, we must still review the case under applicable contract law in Kentucky being

---

**2.** This does not preclude a buyer from asserting actions for the various warranties provid-ed for in a general warranty deed.

aware that the interpretation of a contract is a matter of law for the court. *See Cinelli v. Ward,* 997 S.W.2d 474 (Ky.App. 1998). Specifically, we must determine whether Mackin's litigation conduct constituted a waiver of any arbitration rights under the contract.

As noted, the arbitration clause is a material term of the contract. Since the arbitration rights in this case are contractual in nature, they may be waived. *See Valley Construction Co., Inc. v. Perry Host Mgmt. Co., Inc.,* 796 S.W.2d 365 (Ky. App.1990). This Court has previously approved the proposition that participation in a judicial proceeding may act as a waiver of arbitration if the party seeking such resolution so participates without requesting arbitration. *Id.* Likewise, questions of whether a litigation-conduct waiver have occurred are to be resolved by the court. *American General Home Equity, Inc. v. Kestel,* 253 S.W.3d 543 (Ky.2008). The circuit court did not find that the conduct of Mackin constituted a waiver of the arbitration agreement but gave no explanation how it reached this conclusion. Accordingly, our review of the circuit court's ruling is *de novo. Id.*

In this case, the complaint was filed in October 2005, and Mackin's answer was filed in February 2006. However, Mackin did not raise the arbitration issue until some fifteen months later in May 2007 when he filed a motion to dismiss. In the interim, Mackin participated in substantial discovery including ten depositions. At no time during discovery did Mackin raise the arbitration issue. The arbitration provision in the contract provides that notice of demand for arbitration must be made in writing not more than one year after the dispute has arisen. This Mackin did not do. Mackin further failed to comply with Kentucky Revised Statutes (KRS) 417.060(1) and (3) by not requesting the court to refer the matter to arbitration in timely fashion. Therefore, Mackin failed to take the procedural and statutory steps required to enforce his contractual right to compel arbitration and instead voluntarily waived his rights thereto. The effect of Mackin's actions, coupled with Jackson filing a complaint, was a mutual waiver of the arbitration clause as provided for therein. The circuit court clearly erred in concluding Mackin had not waived his right to arbitrate this dispute.[3]

Finally, the circuit court concluded it lacked subject matter jurisdiction to hear this case as a result of the arbitration clause in the contract and that essentially the one-year notice provision therein acted as a bar to Jackson's claims. Neither of these conclusions is supported by applicable Kentucky law. Such a conclusion would essentially mean the arbitration provision is one-sided—in other words it only applies to Jackson in the event a dispute arises. This is totally contrary to the express terms of the arbitration clause which clearly applies to disputes or claims made by either party. As previously discussed,

---

3. In *American General Home Equity, Inc. v. Kestel,* 253 S.W.3d 543 (Ky.2008), the Kentucky Supreme Court recently addressed litigation-conduct waiver where arbitration rights exist. In *Kestel,* the Court concluded that counsel's litigation conduct was not inconsistent with an intent to exercise its arbitration rights. However, *Kestel's* facts are clearly distinguishable from those at bar. In *Kestel,* counsel asserted in its answer and counterclaim arbitration rights as an affirmative defense which did not occur in this case. Additionally, in *Kestel,* only three months elapsed from the trial court's striking the arbitration defenses to the filing of a motion to compel arbitration under Kentucky Revised Statutes 417.060, during which at no time discovery occurred. In our case, substantial discovery occurred for fifteen months during which the arbitration issue was not raised by either party.

arbitration rights are contractual in nature and may be waived. *Valley Construction,* 796 S.W.2d 365. Upon filing the complaint and failing to request arbitration, Jackson waived her right to compel arbitration. The burden was then upon Mackin to comply with the terms of the contract and KRS 417.060 to compel arbitration, which he failed to do within the time required. At no time did the circuit court lose subject matter jurisdiction of this action as a result of the arbitration clause because no application was made under KRS 417.060 to compel arbitration.[4] Any conclusion to the contrary is clearly in error. Had Mackin timely raised the issue, the circuit court would have been duty-bound to compel arbitration under KRS 417.060 *et seq.*[5] Accordingly, we conclude that the circuit court's conclusion to dismiss this action due to Jackson's failure to seek enforcement of the arbitration provision of the contract more than a year after the dispute between the parties had arisen to be clearly erroneous and dismissal of this case was an abuse of discretion.

Mackin argues that even if the trial court erred in dismissing the case, the trial court could have granted him a summary judgment on the merits. The circuit court did not address the merits in dismissing the case, and specifically denied Mackin's motion for summary judgment in denying his CR 59 motion. However, Mackin failed to file a protective cross-appeal in this case to properly preserve the issue for appellate review. Accordingly, since the argument has not been properly raised or preserved, it is precluded from our review. CR 74.01; *see Smith v. Wal–Mart Stores, Inc.,* 6 S.W.3d 829 (Ky.1999).

We view any remaining arguments by Jackson to be moot.

For the foregoing reasons, the Order of the Jefferson Circuit Court is reversed and this cause is remanded for legal proceedings on the merits not inconsistent with this opinion.

ALL CONCUR.

---

4. This conclusion is consistent with the Kentucky Supreme Court's opinion in *Louisville Peterbilt, Inc. v. Cox,* 132 S.W.3d 850 (Ky. 2004). In one of the cases involved in that opinion, the Supreme Court addressed virtually the same real estate sales form prepared by the Greater Louisville Association of Realtors, Inc., with almost the identical arbitration provision as in the instant case. The Supreme Court held that claims regarding fraudulent inducement of a contract were subject to the arbitration clause. However, *Louisville Peterbilt* is factually distinguishable from this case because the opposing party who desired arbitration made a timely application for the same under Kentucky Revised Statutes 417.060 which was denied by the trial court. The facts in *Louisville Peterbilt* are further distinguishable in that the dispute in that case appears to have arisen before closing and the parties did not voluntarily participate in litigation for more than fifteen months before raising the arbitration issue as in this case.

5. Mackin alleges that he did not raise the arbitration issue earlier before the court because Jackson had denied reading the contract. This does not look to the existence of an arbitration agreement, but rather a contract defense. Upon referring the matter to arbitration, the various contractual claims and defenses, including whether Jackson had read the agreement, could have been considered by the arbitrator.