**WELLCARE HEALTH INSURANCE COMPANY OF KENTUCKY, INC., Appellant**

v.

**TRIGG COUNTY HOSPITAL, INC., Appellee**

**NO. 2016-CA-001954-MR**

Court of Appeals of Kentucky.

SEPTEMBER 29, 2017; 10:00 A.M.

164

BRIEFS FOR APPELLANT: Pierre H. Bergeron, Felix Maximilian Czernin, Cincinnati, Ohio.

BRIEF FOR APPELLEE: Stephen R. Price, Sr., John W. Woodard, Jr., Allison L. Brown, Louisville, Kentucky.

BEFORE: JONES, J. LAMBERT, AND STUMBO, JUDGES.

## OPINION

LAMBERT, J., JUDGE:

WellCare Health Insurance Company of Kentucky, Inc., has taken an interlocutory appeal pursuant to Kentucky Revised Statutes (KRS) 417.220[1] from the portion of the Jefferson Circuit Court's December 2, 2016, opinion and order denying its request to enforce an arbitration agreement between it and Trigg County Hospital, Inc. Because we agree that WellCare did not waive its right to invoke or enforce the arbitration agreement and that, according-

---

1. KRS 417.220(1)(a) permits a party to take an appeal from "[a]n order denying an application to compel arbitration made under KRS 417.060[.]"

ly, the circuit court erred as a matter of law in denying the motion to dismiss, we reverse.

WellCare is a Medicaid managed care organization (MCO), and Trigg County Hospital (the Hospital) provides health care items and services to WellCare's plan enrollees in exchange for payments from WellCare pursuant to a Participating Provider Agreement (the Provider Agreement). An issue arose between the parties related to WellCare's payment of fees to the Hospital. The Hospital disputed WellCare's payment of only a $50.00 "triage" fee, or denial of the claim, when its members presented to the emergency room but did not have any emergency medical issues.

The Provider Agreement, effective March 12, 2015, included a Dispute Resolution section. That section set forth administrative remedies, including an arbitration agreement, and reads, in relevant part, as follows:

8.1 Provider Administrative Review and Appeals. Where applicable, a Provider shall exhaust all Health Plan's review and appeal rights in accordance with the Provider Manual before seeking any other remedy. Where required by Laws or Program Requirements, administrative reviews and appeals shall be subject to and resolved in accordance with administrative law.

8.2 Except as prohibited by State Laws, all claims and disputes between Health Plan and a Provider related to this Agreement must be submitted to arbitration within one year of the act or omission giving rise to the claim or dispute, except for claims based on fraud, which must be brought within the State statute of limitation governing fraud claims. The failure to initiate arbitration within the foregoing time period will constitute waiver of such claims and dispute.

8.3 Negotiation. Before a Party initiates arbitration regarding a claim or dispute under this Agreement, the Parties shall meet and confer in good faith to seek resolution of the claim or dispute. If a party desires to initiate the procedures under this section, the Party shall give notice (a "Dispute Initiation Notice") to the other providing a brief description of the nature of the dispute, explaining the initiating Party's claim or position in connection with the dispute, including relevant documentation, and naming an individual with authority to settle the dispute on the Party's behalf. Within 20 days after receipt of a Dispute Initiation Notice, the receiving Party shall give a written reply (a "Dispute Reply") to the initiating Party providing a brief description of the receiving Party's position in connection with the dispute, including relevant documentation, and naming an individual with the authority to settle the dispute on behalf of the receiving Party. The Parties shall promptly make an investigation of the dispute, and commence discussions concerning resolution of the dispute within 20 days after the date of the Dispute Reply. If a dispute has not been resolved within 30 days after the Parties have commenced discussions regarding the dispute, either Party may submit the dispute to arbitration subject to the terms and conditions herein.

8.4 Arbitration. Except as barred or excepted by this Agreement, all claims and disputes between the Parties shall be resolved by binding arbitration in Louisville, Kentucky. The arbitration shall be conducted through the American Arbitration Association ("AAA") pursuant to the AAA Commercial Arbitration Rules then in effect, subject to the following. ... The decision of the

arbitrator or panel shall be final and binding on the Parties.

The Hospital did not seek relief through the dispute resolution process set forth in the Provider Agreement, but rather filed a complaint on April 4, 2016, in Jefferson Circuit Court to contest WellCare's payment, or failure to pay, these fees. The Hospital alleged causes of action for breach of contract, statutory prompt-pay violations, unfair claims settlement practices, and declaratory relief. These claims had been raised earlier in a federal court action with other providers in *Bourbon County Hospital v. Coventry Health and Life Ins. Co.*, Civil Action No. 3:15-cv-455-JHN, but that case was dismissed due to lack of federal jurisdiction after the court determined the claims should have been filed in state court.

In lieu of filing an answer, WellCare filed a motion to dismiss the Hospital's complaint. WellCare argued that the Hospital failed to exhaust the administrative remedies set forth in the Provider Agreement, that Kentucky's prompt pay laws did not have any bearing on the issue in this case and did not confer a private right of action, that the declaratory judgment action was subsumed by the claims in chief, and that the lawsuit was filed in the wrong forum based upon the arbitration agreement. Therefore, WellCare sought dismissal of the complaint or that the Hospital be compelled to comply with the arbitration agreement. In response, the Hospital claimed that WellCare's use of a computerized, proprietary algorithm to reduce or deny payments by deeming them not medically necessary was illegal and in breach of their contract. The Hospital argued that it did not have a duty to exhaust internal administrative remedies prior to bringing the lawsuit and that it was not required to bring its claims via arbitration because WellCare had waived its right to seek arbitration by litigating the state law claims in the federal action on the merits. The Hospital asserted that WellCare's action in filing dispositive motions in the federal action and at the state court level was inconsistent with its claim that it intended to enforce its right to arbitrate. WellCare disputed the Hospital's argument that it had waived its right to enforce the arbitration clause.

The circuit court entered an order on December 2, 2016, denying WellCare's motion to dismiss. The court did not address the portion of WellCare's motion seeking to compel arbitration as set forth in the Provider Agreement, but only stated, "Based upon a review of Trigg County's Complaint and its argument, there exists a fact pattern which would allow them to recover damages" from WellCare. This appeal now follows.

■ On appeal, WellCare contends that the Hospital did not meet its burden to demonstrate that WellCare had waived its arbitration rights based upon its actions in the federal and state court actions.

■ In KRS Chapter 417, the General Assembly codified Kentucky's Uniform Arbitration Act (KUAA). KRS 417.050 states: "A written agreement to submit any existing controversy to arbitration or a provision in written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law for the revocation of any contract." KRS 417.060(1), in turn, provides:

> On application of a party showing an agreement described in KRS 417.050, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration. If the opposing party denies the existence of the agreement to arbitrate, the court shall pro-

ceed summarily to the determination of the issue so raised. The court shall order arbitration if found for the moving party; otherwise, the application shall be denied.

"[T]he party seeking to enforce an agreement has the burden of establishing its existence, but once prima facie evidence of the agreement has been presented, the burden shifts to the party seeking to avoid the agreement. The party seeking to avoid the arbitration agreement has a heavy burden." *Louisville Peterbilt, Inc. v. Cox*, 132 S.W.3d 850, 857 (Ky. 2004) (citing *Valley Constr. Co., Inc., v. Perry Host Management Co., Inc.*, 796 S.W.2d 365, 368 (Ky. App. 1990)). We note that neither party sought to invoke the arbitration agreement prior to the filing of the federal and state lawsuits. The arbitration agreement was contained in the alternative remedy section of the Provider Agreement, which the Hospital had not utilized.

■ In general, our standard of review of a lower court's "ruling in a KRS 417.060 proceeding is according to usual appellate standards. That is, we defer to the trial court's factual findings, upsetting them only if clearly erroneous or if unsupported by substantial evidence, but we review without deference the trial court's identification and application of legal principles." *Conseco Fin. Servicing Corp. v. Wilder*, 47 S.W.3d 335, 340 (Ky. App. 2001).

In this particular case, whether the circuit court properly denied WellCare's motion to dismiss, and in doing so implicitly denied its right to enforce the arbitration agreement, is a question of law for this Court to decide *de novo*. *See American General Home Equity, Inc. v. Kestel*, 253 S.W.3d 543, 553 (Ky. 2008). The *Kestel* Court made clear that, "both the FAA and KUAA state that arbitration agreements must be enforced unless valid grounds for revoking any contract are established." *Id.*

at 550 (footnote omitted). In *Jackson v. Mackin*, 277 S.W.3d 626, 629 (Ky. App. 2009), this Court addressed review of the waiver issue:

As noted, the arbitration clause is a material term of the contract. Since the arbitration rights in this case are contractual in nature, they may be waived. *See Valley Construction Co., Inc. v. Perry Host Mgmt. Co., Inc.*, 796 S.W.2d 365 (Ky. App. 1990). This Court has previously approved the proposition that participation in a judicial proceeding may act as a waiver of arbitration if the party seeking such resolution so participates without requesting arbitration. *Id.* Likewise, questions of whether a litigation-conduct waiver have occurred are to be resolved by the court. *American General Home Equity, Inc. v. Kestel*, 253 S.W.3d 543 (Ky. 2008). The circuit court did not find that the conduct of Mackin constituted a waiver of the arbitration agreement but gave no explanation how it reached this conclusion.

Accordingly, our review of the circuit court's ruling is *de novo*. *Id.*

With this in mind, we shall consider whether the Hospital established that WellCare waived its right to invoke the arbitration clause of the Provider Agreement through its conduct.

■ In *Kestel*, the Court explained how a party might waive its arbitration rights and that a waiver may either be express or implied:

Waiver has generally been defined under Kentucky law as "a voluntary and intentional surrender ... of a known right...." "A waiver may be express or implied, although waiver [of arbitration rights] will not be inferred lightly." Because American General did not expressly waive its arbitration rights and it clearly was aware of its arbitration rights, we must consider whether waiver

could be inferred from American General's litigation conduct. In short, our focus is upon whether American General's actions were inconsistent with an intent to exercise its arbitration rights.

*Kestel*, 253 S.W.3d at 553-54 (footnotes omitted). The party seeking to establish waiver, and thereby invalidate the arbitration agreement, has a "heavy burden" to "rebut the presumption that the arbitration provision is valid." *Weis Builders, Inc. v. Complete Contracting, Inc.*, 247 S.W.3d 542, 545 (Ky. App. 2008). *See also Wilder*, 47 S.W.3d at 345 (addressing delay and rejecting a waiver argument that a three-month delay in moving to compel was inconsistent with asserting arbitration rights. "The delay itself was not unduly long, and during those three months there was little activity in the case. No pleadings were filed except Gold Medal's answer to the complaint, no hearings conducted, no discovery undertaken.").

WellCare contends that the Hospital brought it into both federal court and state court against its will and that it (WellCare) repeatedly sought to exercise its arbitration rights. The Hospital, on the other hand, contends that WellCare is forum shopping by filing dispositive motions seeking a decision on the merits rather than only seeking to invoke its arbitration rights. We agree with WellCare that it did not waive its rights to enforce the arbitration clause in the Provider Agreement with its litigation conduct.

In the federal action, WellCare raised the arbitration issue in its memorandum in support of its motion to dismiss, in conjunction with its argument that the Hospital had failed to exhaust internal administrative remedies. In footnote 6, WellCare stated, in part, that at least two of the hospitals in that action had disregarded the agreement to arbitrate disputes that remained after internal administrative remedies had been exhausted. "It is premature for WellCare to move to compel arbitration at this point since the hospitals have not exhausted, but WellCare specifically asserts and preserves its right to arbitrate." In the state action underlying this appeal, WellCare filed a motion to dismiss in lieu of filing an answer. WellCare certainly sought a dispositive ruling, and it is not precluded from defending against the Hospital's allegations, but WellCare also argued that dismissal was mandated due to the Hospital's failure to exhaust its administrative remedies and for bringing the case in the court system rather than before an arbitrator pursuant to the arbitration agreement. We disagree with the Hospital that WellCare somehow waived its rights because it did not file a motion to compel arbitration because WellCare stated it was preserving its right to arbitration under the Provider Agreement in both proceedings. Furthermore, no litigation activity had taken place with the exception of the filing of the motions to dismiss. Therefore, we must hold that WellCare did not waive, either explicitly or implicitly, its right to invoke the arbitration clause as set forth in the Provider Agreement, and the circuit court erred as a matter of law in implicitly ruling that it did.

Because this is an interlocutory appeal, we may only address the arbitration issue, and we are precluded from addressing any of the other issues ruled on by the circuit court, including whether the Hospital failed to exhaust its administrative remedies as set forth in the Provider Agreement.

For the foregoing reasons, the Jefferson Circuit Court's order denying WellCare's motion to dismiss is reversed, and this matter is remanded with directions that the circuit court refer the matter to arbitration.

JONES, JUDGE, CONCURS.

STUMBO, JUDGE, DISSENTS.