RENDERED: MARCH 6, 2026; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1041-MR

LINDA REYNOLDS, AS
ADMINISTRATRIX OF THE ESTATE
OF SUE BUCHANAN                                          APPELLANT


                    APPEAL FROM HOPKINS CIRCUIT COURT
v.          HONORABLE CHRISTOPHER B. OGLESBY, JUDGE
                    ACTION NO. 19-CI-00057


RICHARD E. BLAIR, D.O.;
AND TARA HENSON, M.D.                                    APPELLEES


                              OPINION
                    REVERSING AND REMANDING

                         ** ** ** ** **

BEFORE: CALDWELL, MCNEILL, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Linda Reynolds, Administratrix of the Estate of Sue

Buchanan, appeals the July 17, 2024, order of the Hopkins Circuit Court

dismissing her wrongful death claims for lack of prosecution pursuant to Kentucky

Rules of Civil Procedure (CR) 77.02(2).  For the reasons stated, we reverse and remand.

## INTRODUCTION

The present appeal proceeds only against appellees Richard E. Blair, D.O., and Tara Henson, M.D.  Following completion of briefing on appeal, appellees Genesis Healthcare (Genesis) and HBR Madisonville, LLC (HBR), gave notice that on July 9, 2025, they filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas.  The filings operated as an automatic stay of the proceedings against Genesis and HBR under 11 United States Code (U.S.C.) § 362(a).  This Court entered an order requiring appellees Blair and Henson to show cause why the appeal should not proceed against them given that the automatic stay under 11 U.S.C. § 362(a) did not extend to them.  No party objected to going forward with the appeal.  By order entered August 13, 2025, this Court ordered the appeal to proceed as to Blair and Henson only.

## BACKGROUND

On February 4, 2019, Linda Reynolds, as Administratrix of the Estate of Sue Buchanan, filed a wrongful death action in the Hopkins Circuit Court against Genesis, HBR, Blair, and Henson.  The complaint alleged that Sue Buchanan had been a patient at Hillside Center Nursing Home and Rehabilitation

Center (Hillside) from 2013 until her death on August 21, 2016. The complaint named as defendants the owners of Hillside, Genesis, and HBR. The complaint also named Blair and Henson as defendants, being the treating physicians for Buchanan, asserting that they negligently prescribed medication that allegedly caused the wrongful death of Buchanan.

On March 1, 2019, Genesis and HBR moved to dismiss the complaint based upon the applicable statute of limitations. On March 13, 2019, Blair and Henson also filed a motion to dismiss, adopting the statute of limitations argument asserted by Genesis and HBR. Before the court ruled on these motions, on March 7, 2019, Genesis and HBR moved pursuant to the Kentucky Uniform Arbitration Act (Kentucky Revised Statutes (KRS) 417.050 *et seq*.), and the Federal Arbitration Act (9 U.S.C. § 1 *et seq*.), to stay the court action and compel Reynolds to pursue her claims on behalf of the estate through binding arbitration. They argued that Reynolds, acting as power of attorney for Sue Buchanan, signed an arbitration agreement upon Buchanan's admission to Hillside, agreeing to arbitrate any disputes arising from her stay at Hillside. On June 10, 2019, the court granted the motion of Genesis and HBR as follows:

> **IT IS HEREBY ORDERED** that Defendants' Motion is **GRANTED**, the Arbitration Agreement is hereby enforced, this matter is stayed pending the conclusion of arbitration, and the parties shall proceed with arbitration proceedings in accordance with the terms of the Arbitration Agreement.

-3-

Record at 251.

It is important to note that Blair and Henson were not parties to the arbitration agreement nor employees of Genesis and HBR. Yet, the June 10, 2019, order applied to claims against all named defendants. This was also an interlocutory order that Reynolds could not appeal. At a subsequent hearing on December 16, 2019, on the pending motions to dismiss based upon the statute of limitations, the court confirmed to the parties in open court that the order placing the case in abeyance applied to all parties in the lawsuit. Video Record (VR) December 16, 2019, Hearing at 9:21:15-9:23:50. The court did not rule on the motions to dismiss nor is the statute of limitations issue before this Court on appeal.

On February 18, 2022, the circuit court sent a notice to the parties, pursuant to CR 77.02(2), that because no pretrial step had been taken within the previous year, the case would be dismissed for lack of prosecution unless good cause was shown.[1] Reynolds timely filed a motion to retain the case on the docket for good cause. At the same time, Reynolds filed a Motion for Separate Order allowing the case to proceed against Blair and Henson, arguing that the arbitration agreement did not apply to the claims against the doctors. On April 5, 2022,

---

[1] The record in this case is silent from December16, 2019, until the Kentucky Rules of Civil Procedure 77.02 notice was sent to the parties on February 18, 2022.

following a hearing, the circuit court granted the motion to retain the case on the docket, and placed the Motion for Separate Order in abeyance pending further orders of the court. VR April 5, 2022, Hearing at 9:06-9:12.

On November 14, 2022, Reynolds filed a motion to "Amend, Modify and Correct" the previous order of the court entered on June 10, 2019, ordering arbitration. Record at 285. Reynolds argued that the order should have only applied to Genesis and HBR. Reynolds requested that the court amend its order to exclude the claims against the doctors from the stay order and permit Reynolds to pursue discovery against Blair and Henson. Blair responded and argued that Reynolds had failed to establish a basis for lifting the stay under KRS 417.060. Record at 302-03. On November 23, 2022, Reynolds filed an amended motion to "Amend, Modify and Correct" and "Set Aside and Vacate" the Order of June 10, 2019, arguing that the arbitration agreement was void and unenforceable because Reynolds was not a party to it. Record at 306.

The court heard arguments on the pending motions on November 29, 2022. Counsel for Genesis and HBR noted that counsel for Reynolds had not agreed on the selection of an arbitrator as provided for in the agreement. Reynolds' counsel responded that he had not been asked about selecting an arbitrator. VR November 29, 2022, Hearing at 10:01-10:02:57. Reynolds' counsel argued that he should be able to proceed against Blair and Henson who were not

parties to the arbitration agreement. The court denied the motion and the stay remained in effect for the entire case. Counsel for Reynolds next argued the arbitration agreement was not enforceable against his client. The court questioned whether this had already been determined by the order entered in June of 2019. The court then instructed the parties to the arbitration agreement to brief the issues as to the enforceability of the arbitration agreement. VR November 29, 2022, Hearing at 10:15. By order entered on January 5, 2023, the court denied Reynolds' motion to amend, modify and vacate its earlier order referring the case to arbitration. The court did not address the enforceability of the arbitration agreement. This order was also interlocutory and not appealable. Thereafter, on January 17, 2023, Reynolds filed a document titled, "Plaintiff's Preservation of Rights on Appeal" which argued that the court's order was reversible error under Kentucky law, and an arbitrator did not have authority to hear the case. Record at 393-94.

The record reflects no further activity until April 11, 2024, when the circuit court sent another notice to the parties pursuant to CR 77.02(2) that the case would again be dismissed for lack of prosecution unless good cause was shown. On July 9, 2024, Reynolds' counsel filed an affidavit in response, asking that the court keep the case on the docket and reporting his intention to pursue mediation. Record at 408-09. At the same time, Reynolds filed a motion to lift the stay on the

basis that the June 10, 2019, Order to enforce arbitration was in error. Record at 411-14. Reynolds' counsel set the motion to lift stay for a hearing on August 6, 2024 (subsequent to the hearing on the CR 77.02(2) motion).

The court held a hearing on the motion to dismiss pursuant to CR 77.02(2) on July 17, 2024. Counsel for Reynolds was present, as were counsel for Blair and Henson. VR July 17, 2024, Hearing at 9:10-9:10:45. Reynolds' attorney advised the court of the motion to lift the stay and argued his desire to mediate the case. Counsel for Henson argued that the case should be dismissed since arbitration was ordered in 2019 and never took place. Henson further argued the doctors had been prejudiced by the delay and Reynolds' counsel was making the same argument he made in response to the 2022 notice under CR 77.02(2), without showing good cause to prevent dismissal. VR July 17, 2024, Hearing at 9:11:20-9:12:10. The court subsequently entered an order on July 17, 2024, dismissing without prejudice Reynolds' lawsuit against all defendants for lack of prosecution pursuant to CR 77.02(2), noting thereon "[t]his is a final appealable order and there is no just cause for delay." Record at 424. This appeal followed.

PROCEDURAL POSTURE AND
STANDARD OF REVIEW

The primary order on appeal, entered on July 17, 2024, looks to the dismissal of Reynolds' complaint pursuant to CR 77.02. However, appellant argues that the two interlocutory orders entered on June 10, 2019, and January 5,

-7-

2023, requiring Reynolds to arbitrate her claims with Genesis and HBR are now subject to review on appeal, including the validity and enforceability of the arbitration agreement and the stay precluding the pursuit of wrongful death claims against Blair and Henson. We agree.

KRS 417.220(1)(a) provides that if an application to compel arbitration pursuant to KRS 417.060 is denied by a circuit court, an interlocutory appeal may be immediately taken. However, whereas in this case, the arbitration is ordered, an appeal may not be taken until a judgment is entered, or the case is resolved by a final and appealable order, which occurred on July 17, 2024. Accordingly, our review of the interlocutory orders is now ripe and appropriate for review in this appeal.

CR 77.02(2) is a "housekeeping rule" for removal of stale cases from a court's docket. *Honeycutt v. Norfolk Southern Ry. Co.*, 336 S.W.3d 133, 135 (Ky. App. 2011). When cases are dismissed for lack of prosecution pursuant to CR 77.02(2), we review under an abuse of discretion standard. *Manning v. Wilkinson*, 264 S.W.3d 620, 624 (Ky. App. 2007). The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Id.*

However, our review of the two interlocutory orders looks to the interpretation and application of applicable state and federal arbitration law.

-8-

Questions of law are reviewed *de novo*. *Louisville Edible Oil Prod. Inc. v. Ky. Revenue Cabinet*, 957 S.W.2d 272, 274 (Ky. App. 1997). This case was stayed for over five years based upon the arbitration agreement. Arbitration rights are contractual in nature. *Valley Constr. Co. v. Perry Host Mgmt.*, 796 S.W.2d 365, 367 (Ky. App. 1990). The interpretation of a contract is a matter of law for the court. *Cinelli v. Ward*, 997 S.W.2d 474, 476 (Ky. App. 1998). Therefore, the interpretation and construction of the terms of the arbitration agreement are also reviewed *de novo*. *Id.* Our review proceeds accordingly.

ANALYSIS

We begin our analysis by reviewing the interlocutory orders which necessitates a review of the stay and the underlying arbitration agreement.

(i) <u>Claims against Blair and Henson</u>.

There is no dispute that the complaint asserted wrongful death claims against Blair and Henson. The arbitration agreement was entered into between Genesis (Hillside) and Reynolds (on behalf of Buchanan) on July 25, 2013. As previously stated, Blair and Henson, Buchanan's doctors, were not parties to the agreement nor employees of Genesis. Only Genesis and HBR sought relief under the applicable state and federal arbitration laws to compel arbitration of the claims against Genesis and HBR. Their motion to compel arbitration sought no relief on behalf of the doctors, nor did the doctors join in the motion.

Blair and Henson made no argument below nor to this Court on appeal that they were afforded stay protection under the terms of the arbitration agreement. Appellants' counsel has argued throughout the case and on appeal that Blair and Henson were not subject to the arbitration agreement. We agree. For example, at the hearing before the court on May 6, 2019, Reynolds' counsel argued to the court that Reynolds' claims against the doctors were not subject to arbitration. VR May 6, 2019, 10:10-20. Counsel also argued throughout the case below that the circuit court had erred in not permitting the case to proceed against the doctors. VR April 5, 2022, Hearing and VR November 29, 2022, Hearing. At no time during this proceeding below was any legal basis presented by the doctors as to why or how they were protected by the arbitration clause. Their only argument was that the court's stay order in 2019, related to claims against all of the named defendants and complied with KRS 417.060. Even more troubling, at no time during this case did the circuit court explain why the claims against the doctors were stayed as a result of an arbitration agreement that the doctors were not parties to. And throughout the case, the doctors maintained that they were not bound by the arbitration agreement nor required to participate in an arbitration proceeding. VR December 16, 2019, Hearing at 9:24:08-9:24:23. *See also* Record at 415-16.

-10-

Upon review of the complaint, the claims asserted against both Blair and Henson are for the wrongful death of Buchanan, due to negligently prescribing medicine that allegedly caused Buchanan's death. These claims are clearly independent of the negligence claims against the nursing home (Hillside). We can find no authority in the Kentucky Uniform Arbitration Act that would authorize staying an action against defendants who were not parties to an arbitration agreement. In fact, KRS 417.060(4) clearly contemplates that only the issue subject to arbitration is to be stayed and the court should sever the issue subject to the arbitration stay from the main action.[2] In this case, the only issue that was arguably subject to arbitration were claims against Genesis and HBR, not the doctors. The wrongful death claims against the doctors were severable from the claims against Genesis and HBR. The court never explained why the stay was extended to nonparties to the arbitration agreement or why the claims against Genesis and HBR were not severed from the wrongful death claims upon entry of the June 10, 2019, Order. Based on our thorough review of the entire record below, the circuit court erred as a matter of law in staying the wrongful death

_____

[2] Kentucky Revised Statutes 417.060(4) reads:

> Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefor has been made under this section; or if the issue is severable, the stay may be with respect thereto only. When the application is made in such action or proceeding, the order for arbitration shall include such stay.

claims against Blair and Henson in 2019 and 2022, and in ultimately dismissing this case in 2024.

(ii)  The Enforceability of the Arbitration Agreement.

As discussed, arbitration rights are contractual in nature.  *Valley Constr. Co.*, 796 S.W.2d at 367.  The arbitration agreement in this case is not unilateral or one-sided, but rather imposes mutual rights, duties, and obligations on both parties and clearly applies to disputes raised by either party.  *See Jackson v. Mackin*, 277 S.W.3d 626, 629 (Ky. App. 2009).  And, arbitration rights may be waived by either party.  *Vally Constr. Co.*, 796 S.W.2d at 367.

Throughout the history of the case below, the reason given that the arbitration with Genesis and HBR did not proceed when ordered was Reynolds' failure to name an arbitrator and thus her failure to arbitrate the case as ordered.  However, there were other terms in the arbitration agreement and applicable law that the court ignored in addressing this issue.

Paragraph C.5. of the arbitration agreement reads as follows:

> **One Arbitrator**:  The arbitration shall be conducted by only one (1) arbitrator (the "Arbitrator").  If the Parties cannot reach an agreement on selection of the Arbitrator within 20 days after the Demand then, on the 21st day, each Party shall select one arbitrator (the "Selected Arbitrators").  The Selected Arbitrators shall choose the final arbitrator (the "Final Arbitrator"), and the Final Arbitrator shall serve as the sole Arbitrator for this dispute.

And, Paragraph C.8. of the agreement addresses how the parties resolve the issue of one refusing to arbitrate as follows:

> **Refusal to Arbitrate**:  To the extent allowed by applicable law, any Party who refuses to go forward with arbitration hereby acknowledges that the Arbitrator will go forward with the arbitration hearing and render a binding award/decision without the participation of the party opposing arbitration or despite his absence at the arbitration hearing.

The applicable law, which the circuit court and Genesis ignored below, were the statutory provisions set out in KRS 417.070 to address the issue of Reynolds' allegedly failing to comply with Paragraph C.5. of the agreement.  That statute reads as follows:

> If the arbitration agreement provides a method of appointment of arbitrators, this method shall be followed.  In the absence thereof, or if the agreed method fails or for any reason cannot be followed, or when an arbitrator appointed fails or is unable to act and his successor has not been duly appointed, the court on application of a party shall appoint one (1) or more arbitrators.  An arbitrator so appointed has all the powers of one specifically named in the agreement.[3]

---

[3] 9 U.S.C. § 5 of the Federal Arbitration Act has similar provisions for appointing an arbitrator that were not followed by Genesis Healthcare and HBR Madisonville, LLC:

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or

-13-

Based on applicable law, if in fact Reynolds refused to name an arbitrator as alleged, it was incumbent upon Genesis and HBR to come forward and move the court to appoint an arbitrator to fulfill its contractual duties under the arbitration agreement. Yet, Genesis sat idly by, refusing to bring this matter before the court to appoint an arbitrator. Genesis and HBR had multiple opportunities at court hearings on December 16, 2019, April 5, 2022, and November 29, 2022, to seek the appointment of an arbitrator, and failed to do so. Their conduct was not consistent with the intent to arbitrate the dispute. By failing to seek this relief for almost five years, Genesis and HBR legally waived any rights under the arbitration agreement to go forward with the arbitration to resolve Reynolds' claims.[4] *Cf. Jackson*, 277 S.W.3d at 629-30.

Equally disturbing, when the parties were presenting arguments on the arbitration issue to the circuit court, the court elected to ignore or otherwise failed to address Genesis and HBR's failure to seek relief from the court pursuant to KRS 417.070. In other words, the court treated Reynolds as the only party responsible for moving the arbitration forward. This is not the law in Kentucky. As Justice

---

arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.

[4] Genesis and HBR's waiver of rights under the arbitration agreement occurred on or before July 17, 2024, prior to filing bankruptcy on July 9, 2025.

Cooper noted in *Burton v. Foster Wheeler Corp.*, 72 S.W.3d 925, 930 (Ky. 2002), "judges and justices are presumed to know the law and are charged with its proper application." He further noted in *Burton* that litigants have the right to expect the courts to assume a share of the responsibility to see that a controversy is correctly determined. *Id.* (citing *First Nat'l Bank of Louisville v. Progressive Cas. Ins. Co.*, 517 S.W.2d 226, 230 (Ky. 1974)). In this case, the Hopkins Circuit Court failed to recognize that Genesis and HBR had also not abided by the terms of the arbitration agreement or complied with applicable law. Effectively, both Reynolds and Genesis waived any rights to proceed under the arbitration agreement. As a result of this waiver, by 2024, the agreement was no longer enforceable by either party. On appeal, it became our duty to address this issue to avoid a misleading application of the law. *Community Fin. Servs. Bank v. Stamper*, 586 S.W.3d 737, 740-41 (Ky. 2019). Even if the claims against the doctors were subject to arbitration or the stay set out in KRS 417.060, the agreement was not enforceable by virtue of the parties' failure to comply with the terms thereof and the Kentucky Uniform Arbitration Act.

Given our disposition of this case in favor of Reynolds as concerns the wrongful death claims against Blair and Henson, any remaining arguments or issues are moot or without merit.[5]

CONCLUSION

The circuit court both abused its discretion and erred as a matter of law in dismissing this case below pursuant to CR 77.02. For the reasons stated, we reverse and remand for proceedings on the merits as concerns the wrongful death claims asserted against Blair and Henson.

ALL CONCUR.

BRIEF FOR APPELLANT:

Wendell Holloway
Madisonville, Kentucky

BRIEF FOR APPELLEE RICHARD E. BLAIR, D.O.:

Charles G. Franklin
Madisonville, Kentucky

BRIEF FOR APPELLEE TARA HENSON, M.D.:

Michael B. Dailey
Kathryn D. Duke
Louisville, Kentucky

---

[5] As concerns whether wrongful death claims held by heirs or beneficiaries of a decedent are subject to an arbitration agreement executed by the decedent, this Court has thoroughly reviewed this issue in *Preferred Care Partners Management Group, L.P. v. Alexander*, 530 S.W.3d 919, 924 (Ky. App. 2017).