RENDERED:  MARCH 7, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1094-MR


ANTHONY CRELIN A/K/A
ANTHONY R. CRELIN                                                      APPELLANT


APPEAL FROM BULLITT CIRCUIT COURT
v.          HONORABLE RODNEY DARREL BURRESS, JUDGE
ACTION NO. 21-CI-00618


AMERICAN EXPRESS NATIONAL
BANK                                                                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, EASTON, AND McNEILL, JUDGES.

ACREE, JUDGE:  Anthony Crelin, Appellant, appeals following the Bullitt Circuit

Court's August 31, 2023 summary judgment.  He argues the circuit court erred in

determining Crelin had waived his right to arbitration under the Cardmember

Agreement between himself and Appellee, American Express National Bank.

Determining Crelin indeed waived arbitration, we affirm.

Crelin entered a Cardmember Agreement with American Express in 2016. Crelin defaulted on the Agreement when he failed to make his credit card payments. American Express filed a collection action against Crelin in the circuit court on July 29, 2021. Crelin filed his answer on August 23, 2021. Simultaneously, he served American Express his demand for arbitration under the Agreement's arbitration clause.

American Express filed a motion to stay the lawsuit for sixty days and requested the circuit court order Crelin to initiate arbitration; American Express stated it would be required for Crelin to initiate arbitration himself because the available arbitration forums would generally not accept debt collection actions against consumers. Crelin neither appeared at the hearing on the motion nor filed an objection. The circuit court granted the motion on September 22, 2021, and directed Crelin to initiate arbitration himself within sixty days. Crelin did not do so, and the stay was lifted.

American Express moved for summary judgment on January 13, 2022. Crelin filed an objection to summary judgment and a motion to compel arbitration the following day. The circuit court denied both motions. As to Crelin's motion to compel arbitration, the circuit court stated it had already ruled on the issue:

> This Court has already ruled on the issue of arbitration by
> its Order entered on September 22, 2021 granting a stay of

the proceedings pending Defendant's initiation of arbitration. The Court's September 22, 2021 Order also provided that "[i]f the Defendant fails to initiate arbitration within sixty (60) days of this Order, this stay shall be automatically lifted and this matter shall be returned to the Court's active docket."

Record (R.) at 493-94.

Discovery began, and Crelin failed to produce responses to American Express's discovery requests. American Express filed a renewed motion for summary judgment on August 2, 2023, which the circuit court granted on August 31, 2023. Crelin now appeals.

Crelin raises a single argument on appeal – that the circuit court erred in determining he waived his right to arbitration by not initiating it as directed.

As a preliminary matter, American Express argues this issue is not properly before this Court. It asserts that, because Crelin's argument is premised on arbitration, he should have immediately appealed following the denial of his motion to compel arbitration.[1] His failure to do so, or so goes the argument, constitutes a waiver of his right to appeal the final judgment.

---

[1] As American Express states in its brief: "Crelin had the opportunity to immediately appeal the September 2021 Order denying his motion to compel arbitration but failed to do so." (Appellee Br. 14.) This is a misstatement of the procedural history of this case. Crelin did not file a motion to compel arbitration in advance of the circuit court's September 2021 order. Rather, he served American Express with his demand for arbitration contemporaneously with his answer. Regardless, upon the circuit court's denial of Crelin's January 14, 2022 motion to compel arbitration, Crelin did not initiate an appeal until the circuit court granted American Express's second motion for summary judgment over a year later. Therefore, though American Express incorrectly recites the chronology of this case, its argument that Crelin should have pursued an

-3-

We will presume, without deciding, that KRS[2] 417.220 would allow an interlocutory appeal under these circumstances. Even then, we are not persuaded by American Express's argument.

The statute enabling interlocutory appeals relating to arbitrations, KRS 417.220, does not make such appeals mandatory. The statute uses the permissive term and provides that "[a]n appeal *may* be taken from" orders denying motions to compel arbitration. KRS 417.220(1)(a). It does not compel parties to pursue an interlocutory appeal.

It is correct that our Rules of Appellate Procedure (RAP) provide that "the notice of appeal required by RAP 2 shall be filed with the clerk of the court from which the appeal is taken no later than 30 days from the date of notation of service of the judgment or order appealed from" unless a statute or court rule provides a different time for doing so. RAP 3. Failure to do so within the allotted time would constitute a waiver of the statutory right to pursue an appeal prior to final judgment. However, it does not waive the right to appeal from final judgment. It is a well settled principle that "all interlocutory orders or judgments are 'readjudicated finally' upon entry of a final judgment disposing of all issues[.]"

interlocutory appeal immediately following the denial of his motion to compel arbitration still applies to the correct history of this case.

[2] Kentucky Revised Statutes.

*Blair v. City of Winchester*, 743 S.W.2d 28, 31 (Ky. App. 1987) (citing *Emps.'*

*Liab. Assurance Corp. v. Home Indemnity Co.*, 452 S.W.2d 620 (Ky. 1970)). This

principle extends to legal issues that a litigant could have challenged by

interlocutory appeal pursuant to KRS 417.220 but did not.

Turning now to Crelin's argument, he asserts the circuit court erred in

denying his motion to compel arbitration. He argues he did not waive his right to

compel arbitration when he did not initiate arbitration in 2021.

KRS Chapter 417 is Kentucky's Uniform Arbitration Act (KUAA).

Thereunder, "[a] written agreement to submit any existing controversy to

arbitration or a provision in written contract to submit to arbitration any

controversy thereafter arising between the parties is valid, enforceable, and

irrevocable, save upon such grounds as exist at law for the revocation of any

contract." KRS 417.050.

> On application of a party showing an agreement described
> in KRS 417.050, and the opposing party's refusal to
> arbitrate, the court shall order the parties to proceed with
> arbitration. If the opposing party denies the existence of
> the agreement to arbitrate, the court shall proceed
> summarily to the determination of the issue so raised. The
> court shall order arbitration if found for the moving party;
> otherwise, the application shall be denied.

KRS 417.060(1). The parties here do not contest the validity or enforceability of

the arbitration clause in the Cardmember Agreement. As KRS 417.050 and 060(1)

make plain, a circuit court must order arbitration pursuant to valid arbitration

agreement if a party requests it, unless grounds exist at law to avoid the agreement. Waiver is one such ground.

Where the validity of an arbitration agreement is uncontested, as is the case here, the burden of avoiding arbitration lies with the party seeking to avoid it. *See Louisville Peterbilt, Inc. v. Cox*, 132 S.W.3d 850, 857 (Ky. 2004) ("[T]he party seeking to enforce an agreement has the burden of establishing its existence, but once prima facie evidence of the agreement has been presented, the burden shifts to the party seeking to avoid the agreement.") (citing *Valley Const. Co., Inc. v. Perry Host Mgmt. Co., Inc.*, 796 S.W.2d 365, 368 (Ky. App. 1990)). "The party seeking to avoid [arbitration] has a heavy burden." *Id*.

"Waiver has generally been defined under Kentucky law as 'a voluntary and intentional surrender . . . of a known right . . . .'" *Am. Gen. Home Equity, Inc. v. Kestel*, 253 S.W.3d 543, 553-54 (Ky. 2008) (citing *Conseco Fin. Servicing Corp. v. Wilder*, 47 S.W.3d 335, 344 (Ky. App. 2001)). Though waiver may be express or implied, courts do not lightly infer the waiver of arbitration rights. *Id*. at 554.

Where a party is aware of his arbitration rights and did not expressly waive them, litigation conduct must be considered to determine whether waiver can be inferred. *Id*. In *Conseco Finance Servicing Corporation v. Wilder*, this Court determined a lender's three-month delay in bringing a motion to compel

arbitration after filing its answer, coupled with the lack of activity during those three months, did not permit an inference of waiver.  47 S.W.3d at 344-45.  Conversely, in *Jackson v. Mackin*, Mackin did not raise the issue of arbitration until fifteen months after filing his answer; in the interim, he engaged in substantial discovery.  277 S.W.3d 626, 629 (Ky. App. 2009).  We determined Mackin had impliedly and voluntarily waived his right to arbitration.  *Id*.

Here, Crelin minimally participated in litigation and was largely unresponsive to American Express's discovery requests.  However, much of his participation in this case related to his pursuit of arbitration.  Alongside his August 23, 2021 answer, Crelin applied to the circuit court for arbitration.  Months later, in January of 2022, Crelin moved the circuit court to compel arbitration.

Under KRS 417.060(1), the circuit court was required to "order the parties to proceed with arbitration" upon Crelin's initial demand for arbitration.  This is what the circuit court did.  It granted Crelin's request and directed the parties to arbitration in September 2021.  As American Express points out in its brief, Crelin was required to initiate arbitration himself because the American Arbitration Association no longer administers arbitrations of consumer debt collections unless the consumer himself initiates the arbitration.  Therefore, Crelin was directed to initiate his desired arbitration himself.

Crelin's failure to initiate the arbitration he desired when given the opportunity was litigation conduct which permits the inference that he waived his right to arbitration. It strongly evinces an intent not to pursue his arbitration rights under the Cardmember Agreement. Based on Crelin's litigation conduct before the circuit court, we determine he waived his right to arbitration when he allowed the sixty-day stay to lapse without having pursued his requested arbitration.

## **CONCLUSION**

For the foregoing reasons, we affirm the Bullitt Circuit Court's summary judgment.


ALL CONCUR.


BRIEFS FOR APPELLANT:

James H. Lawson
Shelbyville, Kentucky

BRIEF FOR APPELLEE:

Diane E. Huff
Hebron, Kentucky